IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** )
)
**v.** )  **Criminal No. 06-0026**
)  **Electronically Filed**
**CYRIL H. WECHT** )

### ORDER OF COURT
### RE: RULING ON GOVERNMENT'S TRIAL EXHIBITS
### AND DEFENDANT'S TRIAL EXHIBITS

#### A.  GOVERNMENT'S TRIAL EXHIBITS

Since the Court has received no specific objection from Defendant as to Government's trial exhibits (G-1 through G-1351) (which were served upon counsel for Defendant in discovery and were set forth on the Government's "Preliminary Exhibit List" served on or about April 21, 2006 (see doc. no. 83)), as required by paragraph 3.c. of the Pretrial Order in Criminal Case (dated March 1, 2006) (doc. no. 42), Government trial exhibits G-1 through G-1351, are admitted into evidence, subject only to possible relevancy objections (see minute entry, doc. no. 133, ¶ 1) which may result solely from future rulings on the Motion to Suppress (doc. no. 55) or any Motion to Dismiss.

The Government's summary trial exhibits (G-139, G-376, G-1228, G-1230, G-1240, G-1242, G-1244, G-1289 and G-1306) will be ruled upon at the early June, 2006 Pretrial Conference.

#### B.  DEFENDANT'S TRIAL EXHIBITS

Since the Court has received specific objections from the Government to certain Defendant's trial exhibits (see doc. no. 142) (timely filed on May 5, 2006), the Court will rule on the objected-to defendant's trial exhibits at the early June 2006 Pretrial Conference (D1 through

D5, D8, D12 through D35).

Since the Court has received no specific objection from the Government to Defendant's trial exhibits, D6, D7, D9, D10 and D11, said trial exhibits are admitted into evidence.

C. **REQUIREMENTS OF PRETRIAL ORDER OF MARCH 1, 2006 (DOC. NO. 42)**

Pursuant to paragraph 3.c.(2), the Government was required to "provide to the defendant a copy of the documents/exhibits (with bates numbers and exhibit numbers) it intends to use at trial on or before **April 21, 2006**, to be timely supplemented as the government gathers additional documents/exhibits (with bates numbers and exhibit numbers)." The Government complied with said requirement on April 21, 2006. See doc. no. 83.

Pursuant to paragraph 3.c.(3), Defendant was required to "preliminar[ily] designate for the government the documents/exhibits (with bates numbers and exhibit numbers) it intends to use at trial on or before **May 5, 2006**, to be timely supplemented as the defendant gathers additional documents/exhibits (with bates numbers and exhibit numbers)." Defendant complied with said requirement on May 5, 2006. See doc. no. 119.

Pursuant to paragraph 3.c.(3), second sentence, "[c]ounsel for the parties will meet on or before **May 11, 2006** in an effort to agree upon the admissibility of joint exhibits. Counsel for Government reported at the Seventh Status Conference on May 12, 2006, that counsel for Defendant left the meeting after less than one-half hour. This statement was not rebutted by counsel for Defendant at said conference. Whether a "good faith" "effort to agree upon the admissibility of joint exhibits" occurred at said May 11, 2006 meeting will be determined at a future hearing.

Irregardless, there was no agreement on the admissibility by counsel for Defendant as to any of the Government's approximately 1300 trial exhibits, and thus no "Joint Exhibit Binder

(which may be presented in more than one Volume) [was] provided to the Court by the government on or before **May 15, 2006**."

Further, the last two sentences of paragraph 3.c.(4) state as follows:

> Additionally, a trial exhibit chart shall be provided to the Court, in hard copy and email form, on or before **May 15, 2006**, identifying each trial exhibit by exhibit number, bates number, bar code, date of exhibit, author of exhibit, brief description of the exhibit, brief description of the nature of the objection (if any), brief description of the response thereto, and a space for the Court's ruling on the objection(s). Objections will be handled at or before the **June 7 and 8, 2006** pretrial conferences.

The Government in a timely manner provided "brief description of the nature of the objection (if any)" concerning Defendant's Trial Exhibits. (doc no. 142). The Court above has admitted into evidence Defendant's Trial Exhibits which the Government did not object to, and will rule on the objected-to trial exhibits of Defendant at the early June 2006 Pretrial Conference.

One the other hand, counsel for Defendant did _not_ on May 15, 2006, nor even on May 16, 2006, provide to the Court "brief description of the nature of the objection (if any)" concerning any of the Government's trial exhibits. Thus, the Court above has admitted said Government trial exhibits into evidence.

Finally, counsel for the parties are again reminded that they will be required to strictly comply with the pretrial requirements. Counsel for Government and Defendant drafted and consented-to the March 1, 2006, Pretrial Order (doc. no. 42) (except to certain specific objections of the Government which are not relevant here) with specific dates and obligations as to trial exhibits, so that by May 15, 2006, the Court would know which trial exhibits were admissible without objection and which trial exhibits were objected-to with "brief description of the nature of the objection". Thus the Court would be able to review the objected-to trial exhibits between May 15, 2006 and the June 7 and 8, 2006 Pretrial Conference, and thereby conduct an effective

-4-

and meaningful Pretrial Conference as to the objected-to trial exhibits.  (See doc. no. 43 at 3.c.(4)

- - "Objections will be handled at or before the June 7 and 8, 2006, Pretrial Conference.")

      Based upon the above rulings, the only trial exhibits which will need to be considered at the June 7 and 8, 2006 Pretrial Conference are the Government's summary exhibits and the approximately 30 objected-to trial exhibits of Defendant, because all other trial exhibits of the Government and Defendant are admitted into evidence.  Since these matters can be handled on those two days, the expanded pretrial conference dates of June 5, and 6, 2006 are cancelled.

                                  **SO ORDERED** this 17th day of May, 2006.

                                    s/ Arthur J. Schwab
                                    Arthur J. Schwab
                                    United States District Judge

cc:     All counsel of record

Jerry McDevitt, Esquire
Kirkpatrick & Lockhart Nicholson Graham
535 Smithfield Street
Henry W. Oliver Building
Pittsburgh, PA 15222-2312

Mark Rush, Esquire
Kirkpatrick & Lockhart Nicholson Graham
535 Smithfield Street
Henry W. Oliver Building
Pittsburgh, PA 15222-2312

Stephen S. Stallings
United States Attorney's Office
700 Grant Street, Suite 400
Pittsburgh, PA 15219