IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | **Criminal No. 06-0026** |
| ) | **Electronically Filed** |
| **CYRIL H. WECHT** ) | |

**MEMORANDUM OPINION UPHOLDING THE CONSTITUTIONALITY
OF LOCAL RULE 83.1 (INCORPORATED INTO PRETRIAL ORDER (DOC. NO. 42)
AT PARAGRAPH 9C) AND DENYING DOC. NOS. 146 AND 150**

### A. BACKGROUND OF CRIMINAL CASE

On January 20, 2006, the government brought an 84 count indictment alleging that defendant, Dr. Cyril Wecht, committed the crimes of theft of honest services - wire fraud and mail fraud, mail fraud, wire fraud, and theft concerning an organization receiving federal funds, in violation of 18 U.S.C. § § 1341 1342, 1343 and 1346, 18 U.S.C. § § 1341 and 1342, 18 U.S.C. § § 1342 and 1343, and 18 U.S.C. § 666, respectively, when he unlawfully used his public office as the coroner of Allegheny County, Pennsylvania, for his private financial gain (doc. no. 1). More specifically, the indictment alleges, among other things, that defendant falsely billed his clients (through the mail) for services such as limousine rides to the airport and other private engagements, while using county coroner's office vehicles and employees to drive him to the airport and other private engagements; that defendant created false travel agency bills and false limousine reports and transmitted them via facsimile from the coroner's office to private clients in other states; and, that defendant otherwise used the Allegheny County Coroner's Office employees to perform other personal work, including secretarial work, for his own private financial gain. Defendant categorically denies these allegations. The trial of this case will

commence on October 16, 2006.

## B. BACKGROUND OF LOCAL RULE 83.1

Local Rule 83.1, entitled "Free Press - - Fair Trial Provision," was adopted by the Board of Judges of the United States District Court for the Western District of Pennsylvania around 1971 (March 9, 1971) and has been "on the books", unchanged, for 35 years. The Local Rule appears to be rooted in the *Report of the Judicial Committee on the Operation of the Jury System on the "Free Press - Free Trial" issue* (45 F.R.D. 391 (1968) and amended in 51 F.R.D. 1935 (1970)), which then was superseded by the Revised Report, 87 F.R.D. 519 (1980).

During the 35 year lifespan of Local Rule 83.1, to this Court's knowledge, there have been no complaints to the Board of Judges, nor to the Local Rules Committee of the Board of Judges, regarding the constitutionality of Local Rule 83.1, by government attorneys, the criminal defense bar, or any media organization. It is beyond peradventure that other high publicity criminal cases have occurred in this District during those 35 years, and yet, inexplicably (it would seem), no complaint about this Rule has been lodged. Although the Local Rules have gone through numerous revisions over the last 35 years, the Court is unaware of anyone suggesting changes to Local Rule 83.1. Presumably, therefore, all interested parties and media outlets have, until now, been comfortable with the operation of the Rule - - to balance important constitutional rights (i.e., First, Fifth and Sixth Amendments - - Fair Trial and Free Speech).

Local Rule 83.1 states as follows:

FREE PRESS -- FAIR TRIAL PROVISIONS
A. It is the duty of the lawyer or law firm not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by (for dissemination by any) means of public communication, in connection with pending or imminent criminal litigation with which he/she or the firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.
B. With respect to a grand jury or other pending investigation of any criminal matter, a lawyer participating in or associated with the investigation shall refrain from making any extrajudicial statement which a reasonable person would expect to be disseminated by (for dissemination by any) means of public communication, that goes beyond the public record or that is not necessary to inform the public that the investigation is underway, to describe the general scope of the investigation, to obtain assistance in the apprehension of a suspect, to warn the public of any dangers, or otherwise to aid in the investigation.
C. From the time of arrest, issuance of an arrest warrant, or the filing of a complaint, information, or indictment in any criminal matter until the commencement of trial or disposition without trial, a lawyer or law firm associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement which a reasonable person would expect to be disseminated by (for dissemination by any) means of public communication, relating to that matter and concerning:
> 1. The prior criminal record (including arrests, indictments, or other charges of crime), or the character or reputation of the accused, except that the lawyer or law firm may make a factual statement of the accused's name, age, residence, occupation, and family status, and if the accused has not been apprehended, a lawyer associated with the prosecution may release any information necessary to aid in his/her apprehension or to warn the public of any dangers he/she may present;
> 2. The existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement;
> 3. The performance of any examinations or tests or the accused's refusal or failure to submit to an examination or test;
> 4. The identity, testimony or credibility of prospective witnesses, except that the lawyer or law firm may announce the identity of the victim if the announcement is not otherwise prohibited by law;
> 5. The possibility of a plea of guilty to the offense charged or a lesser offense;

    6. Any opinion as to the accused's guilt or innocence or as to the
    merits of the case or the evidence in the case.

The foregoing shall not be construed to preclude the lawyer or law firm during this period, in the proper discharge of his/her or its official or professional obligations, from announcing the fact and circumstances of arrest (including time and place of arrest, resistance, pursuit, and use of weapons), the identity of the investigating and arresting officer or agency, and the length of the investigation; from making an announcement, at the time of seizure of any physical evidence other than a confession, admission or statement, which is limited to a description of the evidence seized; from disclosing the nature, substance, or text of the charge, including a brief description of the offense charged; from quoting or referring without comment to public records of the court in the case; from announcing the scheduling or result of any stage in the judicial process; from requesting assistance in obtaining evidence; or from announcing without further comment that the accused denies the charges made against him/her.

D. During the trial of any criminal matter, including the period of selection of the jury, no lawyer or law firm associated with the prosecution or defense shall give or authorize any extrajudicial statement or interview, relating to the trial or the parties or issues in the trial which a reasonable person would expect to be disseminated by (for dissemination by any) means of public communication, if there is a reasonable likelihood that such dissemination will interfere with the fair trial, except that the lawyer or law firm may quote from or refer without comment to public records of the court in the case.

E. After the completion of a trial or disposition without trial of any criminal matter, and prior to the imposition of sentence, a lawyer or law firm associated with the prosecution or defense shall refrain from making or authorizing any extrajudicial statement which a reasonable person would expect to be disseminated by (for dissemination by any) means of public communication if there is a reasonable likelihood that such dissemination will affect the imposition of sentence.

### C. BACKGROUND OF PRETRIAL ORDER OF MARCH 1, 2006 (DOC. NO. 42)

Local Rule 83.1 was incorporated, without change or addition, as Paragraph 9C in Pretrial Order of March 1, 2006 (doc. no. 42), at the suggestion of counsel for the government and counsel for defendant. In fact, the terms of the Pretrial Order were drafted, negotiated, revised, submitted, and agreed to by both counsel for defendant and counsel for government (except for certain limited objections of the government) (doc. no. 30). See doc. nos. 5, 11, text Order of

2/10/06, text Order of 2/14/06, doc. no. 23, and doc. no. 35.

In fact, there were at least two different status conferences where the Pretrial Order was discussed - - one conference lasting approximately 3 hours - - with defendant and his counsel in attendance - - on <u>February 10, 2006</u> (10 minutes) (adjourned for arraignment before U.S. Magistrate Judge) ("Court to set firm trial date; parties to work out a pretrial schedule and choose from one of the following trial dates: 9/5/06, 9/11/06, or 10/16/06; drafted Proposed Pretrial Order shall be electronically filed by 2/16/06 at noon; 2nd Status/Scheduling Conference set for 2/17/06 at 8:00 am") (see Minute Entry of 2/11/06 conference at doc. no. 11); and on <u>February 17, 2006</u> (<u>3 hours</u>) ("Discussed pretrial dates in detail; Government places on the record certain objections to early pretrial dates; Revised Proposed PTO [Pretrial Order] due 2/24/06 at noon; . . . 3rd Status Conference set for 3/17/06 at 8:15 am . . . .") (see Minute Entry of 2/17/06 Conference at doc. no. 24).

Paragraph 9C (incorporating Local Rule 83.1) was in the draft of the Pretrial Order filed on February 23, 2006 at doc. no. 23; in draft of February 24, 2006 at doc. no. 35 - -unchanged; and in Pretrial Order of March 1, 2006 at doc. no. 42 - - unchanged. A revised proposed Pretrial Order was submitted on February 24, 2006 (with certain objections by the government and with <u>no</u> objections by defendant). See doc. no. 35. No objections were filed by defendant thereafter.

Thus, the final proposed Pretrial Order was agreed to by defendant, without objection, and was adopted by the Court as Pretrial Order (doc. no. 35) of March 1, 2006 (doc. no. 42).

### D. CURRENT MOTIONS (DOC. NOS. 146 AND 150) TO HAVE LOCAL RULE 83.1 DECLARED UNCONSTITUTIONAL

#### 1. Status Conference of May 12, 2006

In the government's Notice of Issue [for discussion] for the May 12, 2006 Status Conference (doc. no. 122), the government asked the Court to "address this matter" of public comments made by counsel for Defendant "by reminding counsel of the provisions of the March 1, 2006 [Pretrial] Order enforcing those provisions."  See also doc. no. 146 at ¶ 2.

#### 2. Defendant's Emergency Motion (doc. no. 146)

On May 15, 2006, counsel for defendant filed Defendant's Emergency Motion to Vacate Paragraph 9C of this Court's March 1, 2006 Order (doc. no. 146), in which defendant starts with "On March 1, 2006, this Court entered a Pretrial Order that, among other things, adopted the provisions of Local Rule 83.1."  Defendant's Emergency Motion, ¶ 1.

Defendant's Brief in Support of his Emergency Motion (doc. no. 147) further states, that "Paragraph 9C of the Court's Order was entered as a matter of form without any findings that the speech restrictions were narrow or even necessary in this specific case."  This is true in part and false in part.  It is true the Court did not make findings that the speech restrictions were narrow or necessary; it is false that the Court entered Paragraph 9C of the Order "as a matter of form," as defendant certainly was well aware that his counsel and government counsel had included that paragraph in the drafts (doc. nos. 23 and 35) of the Pretrial Order (doc. no. 42), submitted for the Court's approval, and defendant attended the conference where the Pretrial Order was discussed in detail.  See doc. no. 24.

Interestingly, in neither the Emergency Motion nor the brief in support did defendant mention that Court's Pretrial Order of March 1, 2006, *including* Paragraph 9C, was *drafted, negotiated, revised, submitted, and agreed to by counsel* for defendant.  This Court's standard Pretrial Order in Criminal Cases does *not* incorporate or reference Local Rule 83.1, and is *silent* with regard to pretrial publicity.  Both counsel for defendant and the government met and conferred (and actually cooperated) in the drafting of the proposed Pretrial Order, which this Court approved and adopted, including the language of Paragraph 9C submitted on behalf of defendant and the government.  Paragraph 9C simply placed the exact language of Local Rule 83.1 into said Pretrial Order.

### 3. Media Outlet's Motion to Modify or Vacate Paragraph 9C of the Court's March 1, 2006 Pretrial Order (doc. no. 150)

The Court granted the motions to intervene filed on behalf of four media outlets (i.e., two newspapers and two television stations) by Order, dated May 30, 2006 (doc. no. 185).  See also Minute Entry for May 17, 2006 Conference (doc. no. 164) and doc. no. 169.  Pending before the Court is the Motion by WPXI, Inc. to Modify or Vacate Paragraph 9C of the Court's March 1, 2006 Pretrial Order (doc. no. 150), joined by the other media outlets.  See doc. nos. 151, 188, and 201.

### 4. Defendant's and Intervenors' Arguments

In a dramatic change of position, defendant now asserts that the language of Paragraph 9C of the Pretrial Order is broad and vague and that his agreement to abide by Local Rule 83.1 violates his First Amendment rights.  It apparently behooves the defendant at this point to attempt to distance himself from his agreement, and he casts aspersions on the government's

desire to abide by the agreement he helped craft. For their part, the media outlets assert in their motion to modify that Paragraph 9C is an unconstitutional prior restraint on "the attorney's free speech," which, presumably, denies the media untrammeled access to information that the trial attorneys could otherwise provide.

Defendant and the media outlets each argue that Local Rule 83.1, a rule that equally prohibits both counsel for the prosecution and for the defense from publicly commenting on various aspects of a criminal case, violates defense counsel's First Amendment Rights. Movants further argue that Local Rule 83.1C fails to incorporate the "substantial likelihood of material prejudice" standard approved by the United States Supreme Court in *Gentile v. Nevada*, 501 U.S. 1030 (1991).

The government, on the other hand, contests these propositions of the movants and argues that Local Rule 83.1 strikes a constitutionally sound balance between the compelling governmental interest in a fair trial before an impartial jury (as guaranteed by the Sixth Amendment), and the limited First Amendment rights of officers of this Court to disclose information to the public during pending criminal proceedings.

### E. DISCUSSION

This Court recognizes that as a trial judge, it has an affirmative duty to minimize the effects of prejudicial pretrial publicity, *United States v. Scarfo*, 263 F.3d 80, 90 (3d Cir. 2001) (other citations omitted), and Local Rule 83.1 was undoubtedly adopted to aid the judges of this District (and the parties to a criminal prosecution) in their efforts to ensure a fair trial while also protecting the parties' and counsels' rights to freedom of speech.

The Court has a duty to the parties, as well as the public, to attempt to minimize prejudicial publicity because, "although litigants do not 'surrender their First Amendment rights at the courthouse door,' those rights may be subordinated to other interests that arise in the context of both civil and criminal trials." *United States v. Brown*, 218 F.3d 415, 424 (5th Cir. 2000) (citing *Seattle Times v. Rhinehart*, 467 U.S. 20 (1984) and *Tinker v. Des Moines Indep. Community Sch. Dist.*, 393 U.S. 503 (1969)). As a result of these principles, courts have approved restrictions on the communication between parties and the public to ensure a fair trial with an untainted venire. *Id.* at 423-424. The right to a fair trial is a right that belongs to the public at large, as well as the government and the defendant, and that right cannot be waived by the defendant or by the media.

In short, the "outcome of a criminal trial is to be decided by impartial jurors, who know as little as possible of the case, based on material admitted into evidence before them in a court proceeding. Extrajudicial comments on, or discussion of, evidence which might never be admitted at trial and *ex parte* statements by counsel giving their version of the facts obviously threaten to undermine this basic tenet." *Gentile*, 501 U.S. at 1070. The United States Court of Appeals for the Third Circuit has held that "[a]ny limitation on attorney speech must be narrow and necessary, carefully aimed at comments likely to influence the trial or judicial determination" *Scarfo,* 263 F.3d at 93 (citing *Gentile*, 501 U.S. at 1075).

This Court finds instructive the United States Court of Appeals for the Fourth Circuit's decision in *In re Morrissey*, 168 F.3d 134 (4th Cir. 1999), where the Fourth Circuit upheld the

constitutionality of a local rule[1] regarding pretrial publicity which is almost identical to Local Rule 83.1.  In *Morrissey*, the district court found that a defense attorney knowingly violated a local rule which prohibited counsel from making statements about a criminal case that had a "reasonable likelihood" of materially prejudicing the trial, when he made public statements in an interview with a local paper in which he characterized the charges as vindictive and vicious.  The

---

[1] In relevant part, Local Rule 57 of the United States District Court for the Eastern District of Virginia provides as follows:
(A) *Potential or Imminent Criminal Litigation*: In connection with pending or imminent criminal litigation with which a lawyer or law firm is associated, it is the duty of that lawyer or firm not to release or authorize the release of information or opinion (1) if a reasonable person would expect such information or opinion to be further disseminated by any means of public communication, and (2) if there is a reasonable likelihood that such dissemination would interfere with a fair trial or otherwise prejudice the administration of justice.
* * * * *
(C) *Pending Criminal Proceedings-Specific Topics*: From the time of arrest, issuance of an arrest warrant, or the filing of a complaint, information, or indictment in any criminal matter until the termination of trial or disposition without trial, a lawyer or a law firm associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement which a reasonable person would expect to be further disseminated by any means of public communication, if such statement concerns:
(1) The prior criminal record (including arrests, indictments, or other charges of crime), or the character or reputation of the accused, except that the lawyer or law firm may make a factual statement of the accused's name, age, residence, occupation, and family status and, if the accused has not been apprehended, a lawyer associated with the prosecution may release any information necessary to aid in his or her apprehension or to warn the public of any dangers such person may present;
(2) The existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement;
(3) The performance of any examinations or tests or the accused's refusal or failure to submit to an examination or test;
(4) The identity, testimony, or credibility of prospective witnesses, except that the lawyer or law firm may announce the identity of the victim if the announcement is not otherwise prohibited by law;
(5) The possibility of a plea of guilty to the offense charged or a lesser offense;
(6) Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

local rule in that case, just as here, prohibited attorneys to criminal proceedings from making public statements regarding the identity, testimony or credibility of prospective witnesses; or from giving any opinion as to the merits of a pending case.

The district court held that the attorney's actions were reasonably likely to taint the jury pool and to interfere with prospective witnesses and sentenced defense counsel to ninety days imprisonment, three years probation and suspended him from practicing within the Eastern District of Virginia for two years.

Defense counsel then filed an appeal to the Fourth Circuit in which he argued, *inter alia*, that the local rule was unconstitutional because it violated a lawyer's First Amendment right to freedom of speech, and that the "reasonable likelihood standard" set forth in the local rule was not narrowly tailored to strike a proper balance between the right to a fair trial and a lawyer's right to freedom of speech.

The Fourth Circuit, however, rejected this argument, upheld the constitutionality of the "reasonable likelihood standard" that was part of the local rule, and noted that the local rule was neutral as to points of view, applied equally to all attorneys in the case and only postponed the lawyers' comments until after trial.

Using the analysis set forth by the Fourth Circuit in *Morrissey* as a guide, this Court also finds that Local Rule 83.1 fairly and constitutionally prohibits extrajudicial comments that pose a "reasonable likelihood" of interference with a fair trial. As in *Morrissey*, Local Rule 83.1 delineates discreet categories of information that counsel may not discuss which applies equally to both parties and it only applies during the pendency of the criminal proceedings. Therefore, this Court finds that Local Rule 83.1 is narrowly tailored to prevent material prejudice to a

pending criminal proceeding.

Further, the Court finds that the limitations placed on attorney speech by Local Rule 83.1 are narrow and are certainly necessary because they are aimed at comments, which if uttered, would likely influence the outcome of the trial.  Although defendant would have this Court believe that the language of Local Rule 83.1 is unbalanced and imperious, this Court finds exactly the opposite.  Local Rule 83.1 does no more than is constitutionally necessary to protect the freedom of speech of the litigants and their counsel, while also protecting the parties' and the public's right to a fair trial.

When the parties to this litigation, through counsel, *drafted, negotiated, revised, submitted, and agreed to* the Pretrial Order (subject to limited objections by the government), adopted by the Court on March 1, 2006, including Paragraph 9C which embraced Local Rule 83.1, defendant and the government were obviously content that it struck an appropriate balance of interests. While defendant and/or his counsel have now changed their minds, this Court remains of the view that Paragraph 9C, and Local Rule 83.1, strike the appropriate balance of First, Fifth and Sixth Amendment rights.

While this Court acknowledges that the words of the Local Rule 83.1 might benefit from some "modernization" conforming to more recent case developments, the Rule itself still strikes a wise and permissible balance between the rights of all parties to a fair trial, by an untainted jury, and the rights of attorneys to speak to the media. Accordingly, for these reasons, the motions to modify and/or vacate Paragraph 9C of this Court's Pretrial Order (doc. nos. 146 and 150) and to declare Local Rule 83.1 unconstitutional will be **DENIED**. An appropriate order follows.

  s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

Date: June 8, 2006

cc: All counsel of record

Stephen S. Stallings, Esquire
James R. Wilson, Esquire
United States Attorney's Office
700 Grant Street, Suite 400
Pittsburgh, PA 15219

Jerry McDevitt, Esquire
Mark Rush, Esquire
Karen I. Marryshow, Esquire
Amy Barrette, Esquire
Kirkpatrick & Lockhart Nicholson Graham
535 Smithfield Street
Henry W. Oliver Building
Pittsburgh, PA 15222-2312

Walter DeForest, Esquire, on behalf of WPXI
Joseph Rodkey, Esquire, on behalf of Post-Gazette
David Strassburger, Esquire, on behalf of Tribune Review & WTAE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| **CYRIL H. WECHT** | ) | |

**ORDER OF COURT**

AND NOW, this 8th day of June, 2006, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motions to modify and/or vacate Paragraph 9C of this Court's Pretrial Order (doc. nos. 146 and 150) and to declare Local Rule 83.1 unconstitutional are **DENIED**.

    s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record

Stephen S. Stallings, Esquire
James R. Wilson, Esquire
United States Attorney's Office
700 Grant Street, Suite 400
Pittsburgh, PA 15219

Jerry McDevitt, Esquire
Mark Rush, Esquire
Karen I. Marryshow, Esquire
Amy Barrette, Esquire
Kirkpatrick & Lockhart Nicholson Graham
535 Smithfield Street
Henry W. Oliver Building
Pittsburgh, PA 15222-2312

Walter DeForest, Esquire, on behalf of WPXI
Joseph Rodkey, Esquire, on behalf of Post-Gazette
David Strassburger, Esquire, on behalf of Tribune Review & WTAE