IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| **CYRIL H. WECHT** | ) | |

**ORDER OF COURT UNSEALING DOC. NO. 60 (RE: DEFENDANT'S VERBAL MOTION TO UNSEAL DOC. NO. 60 AND VARIOUS FILINGS BY MEDIA OUTLETS)**

### A.  BACKGROUND OF CRIMINAL CASE

On January 20, 2006, the government brought an 84 count indictment alleging that

defendant, Dr. Cyril Wecht, committed the crimes of theft of honest services - wire fraud and

mail fraud, mail fraud, wire fraud, and theft concerning an organization receiving federal funds,

in violation of 18 U.S.C. § § 1341 1342, 1343 and 1346, 18 U.S.C. § § 1341 and 1342, 18 U.S.C.

§ § 1342 and 1343, and 18 U.S.C. § 666, respectively, when he unlawfully used his public office

as the coroner of Allegheny County, Pennsylvania, for his private financial gain (doc. no. 1).

More specifically, the indictment alleges, among other things, that defendant falsely billed his

clients (through the mail) for services such as limousine rides to the airport and other private

engagements, while using county coroner's office vehicles and employees to drive him to the

airport and other private engagements; that defendant created false travel agency bills and false

limousine reports and transmitted them via facsimile from the coroner's office to private clients

in other states; and, that defendant otherwise used the Allegheny County Coroner's Office

employees to perform other personal work, including secretarial work, for his own private

financial gain.  Defendant categorically denies these allegations.  The trial of this case will

commence on October 16, 2006.

## B. <u>IN CAMERA MOTION (DOC. NO. 60)</u>

On April 7, 2006, the government filed a motion entitled, "<u>In</u> <u>Camera</u> Ex Parte Motion for Ruling as to Whether Possible 'Impeachment/Credibility' Information Must be Disclosed" (with Exhibit A (unredacted) (4 pages), Exhibit B (30 pages), and Exhibit C (combined redacted Exhibits A and B) (8 pages) (doc. no. 60). The government sought a ruling by the Court regarding or as to whether certain information concerning FBI Special Agent Orsini was required to be disclosed in the normal discovery process within the requirements of <u>Brady</u> or <u>Giglio</u>. The document was filed "under seal" and was not served upon the defendant. The filing of the document was disclosed on the docket. At no time did the Court meet with counsel for the government.

The government's submission of this material for an <u>in</u> <u>camera</u> review is a practice which the Courts routinely endorse. In <u>United States v. Bocra</u>, 623 F.2d 281, 285-86 (3d Cir. 1980) and most recently in <u>United States v. Hsu</u>, 155 F.3d 189, 206 (3d Cir. 1998), the United States Court of Appeals for the Third Circuit joined other circuits in promoting the "common practice" of the government's submission of discovery materials to the Court for an <u>in</u> <u>camera</u> inspection and decision as to which materials are discoverable. In <u>Bocra</u>, the Court of Appeals for the Third Circuit, citing the United States Supreme Court's decision in <u>United States v. Nixon</u>, 418 U.S. 683 (1974) (other citations omitted), stated that the submission of discovery materials for an <u>in</u> <u>camera</u> review and decision on whether said material is discoverable is "commonly used when the government's need for preserving confidentiality over the materials must be balanced with the defendant's constitutional right to evidence material to his defense." 623 F. 2d at 285. This

practice is commonly employed not only is this circuit, but in other circuits as well.  See United States v. Trevino, 89 F.2d 187, 190 (4th Cir. 1996); United States v. Boykin, 986 F.2d 270, 276 (8th Cir. 1993);  United States v. Dupuy, 760 F.2d 1492, 1501 (9th Cir. 1985).

### C.  ORDER OF COURT REQUIRING DISCLOSURE (DOC. NO. 61)

After reviewing doc. no. 60 and its exhibits, on the day it was filed, the Court entered a "Sealed Order of Court" (doc. no. 61) as follows:

> And now, this 7th day of April, 2006, it is hereby ordered that the government shall comply with its discovery obligations pursuant to the dictates of *Brady/Giglio/Kyles* and shall disclose the unredacted 1998 and 2001 reports of reprimand concerning Special Agent Orsini.  This disclosure shall occur in accordance with the Pretrial Order requiring that all *Brady/Giglio* impeachment materials be produced by August 1, 2006, unless there is a legal requirement that it be produced earlier.  If the government wishes to make the foregoing disclosure pursuant to a protective order, the government shall file a formal motion thereon after consultation with counsel for defendant.

In other words, the Court ordered the unredacted Exhibits A and B disclosed to defendant subject to an appropriate Protective Order on or before August 1, 2006.  The Order (doc. no. 61) was filed under seal since the motion was under seal.  (Said Protective Order, dated May 12, 2005, was entered on May 17, 2006 (doc. no. 161); and the unredacted Exhibits A and B then were provided to counsel for defendant, together with the Motion (doc. no. 60).  See doc. no. 168 (May 18, 2006).)  Despite this docket activity, neither counsel for defendant, nor anyone else, ever asked for either document nos. 60 or 61 or sought their "unsealing."

On May 1, 2006, in its Order of Court (doc. no. 113) relating to defendant's Motion for Discovery (doc. no. 69), the Court stated as follows:  "With respect to the items requested in ¶ 8i (information about a FBI Agent), with the exception of the reports this Court previously ordered

the government to produce by Sealed Order of Court dated April 7, 2006 (doc. no. 61), the

motion is DENIED as such information requested is overly broad and irrelevant."  See. doc. no.

113 at ¶ 5.  This Order of Court was <u>not</u> sealed.  Again, neither counsel for defendant, nor anyone

else, asked for either, doc. nos. 60 or 61, nor sought their "unsealing".

### D.  UNSEALING OF DOC. NO. 61

Thus, doc. no. 60 and doc. no. 61 remained under seal until the 7th Status Conference on

May 12, 2006, where counsel for defendant, for the first time, made a motion (verbal) to unseal

doc. no. 61 which was immediately granted by the Court.  See doc. no. 133.  The Court

physically provided a copy of doc. no. 61 to counsel for defendant at that time.

### E.  PROCEDURE ESTABLISHED TO DECIDE WHETHER DOC. NO. 60 SHOULD REMAIN SEALED

Then, for the first time at said conference, counsel for defendant sought production of

doc. no. 60, the underlying <u>in camera</u> motion.  The Court ordered doc. no. 60 in its entirety to be

produced to counsel for defendant, subject to an appropriate protective order.  (See doc. no. 133

and protective order (doc. no. 118)).  (At the same hearing, at the request of counsel for the

media, the Court ordered the unsealing of practically all of the documents that had previously

been under seal with the exception of doc. no. 60.)  The Court established a briefing schedule for

consideration of whether or not to unseal doc. no. 60 with argument on June 5, 2006.  See status

of rulings on media request (doc. no. 169).

## F.  DEFENDANT'S VERBAL MOTION TO UNSEAL

Defendant argues that he wishes to have doc. no. 60 unsealed so that he may use the information therein at any hearing on the motion to suppress (doc. no. 55), or at trial, to impeach FBI Agent Orsini - - "The minute Agent Orsini takes the witness stand, be it at trial or a suppression hearing, his credibility is at issue."  See doc. no. 173 at page 2.  However, since defendant's motion to suppress (doc. no. 55) has been denied, the first part of the defendant's argument is moot.  See doc. nos. 193, 220, and 221. Secondly, since the government has indicated that it does not intend to call Special Agent Orsini at trial (see doc. no. 60, page 6), defendant's "for use at trial" argument is also moot at least until such time as the government states that Special Agent Orsini will in fact testify at trial.  If that would occur, the Court will consider an appropriate Motion to Reconsider from the defendant at that time.  Thirdly, defendant contends that he intends to call Special Agent Orsini at trial.  Since Agent Orsini is not a "fact" witness, the Court does not see the relevancy of his purported testimony, even though counsel for defendant continually seeks to label him as the "main accuser."  Thus, defendant's motion to unseal is DENIED.

## G.  INTERVENER MEDIA OUTLETS' ARGUMENTS RE: CONTINUAL SEALING OF DOC. NO. 60

The media outlets raise First Amendment issues concerning the continued sealing of doc. no. 60.

### 1.  Unredacted Exhibits A and B

The Court has ordered the production of Exhibits A and B, in unredacted form, to defendant, under Brady and/or Giglio requirements (doc. no. 61).  These documents have been

provided to counsel for defendant under an appropriate Protective Order.  See doc. nos. 161 and 168.

Doc. no. 60 is a judicial document, duly filed and docketed, albeit under seal, and has been analyzed by this Court in its rulings on the in camera motion and the motion for discovery, as well as obviously the motions to unseal.  Even though the material is quite likely irrelevant and not admissible at trial, the government has not established a compelling interest or good cause to justify the continual sealing of doc. no. 60, except as to the potential risk of the information tainting the jury pool, in light of the possible other efforts to litigate this matter in extrajudicial venues (see doc. nos. 146 and 150 (efforts to declare unconstitutional Local Rule 83.1 dealing with "Free Press - - Fair Trial")), and real risk of discouragement in the future of the government using the very proper and legitimate procedure of an in camera motion to seek the Court's guidance in Brady/Giglio and similar matters.

While the case has moved beyond Special Agent Orsini with the denial of the Motion to Suppress in its entirety (doc. nos. 193, 220, and 221), and while doc. no. 60 is filled with personal and other information totally unrelated to this case of alleged public corruption, the Court rules that the integrity of this public proceeding requires the full disclosure of doc. no. 60, subject to the redaction of personal data identifiers.

However, since this ruling requires disclosure of information not relevant in any way to this case, in light of the Court's rulings on the motion for discovery (doc. no. 113) and on the motion to suppress (doc. nos. 193, 220, and 221); since disclosure involved the two risks set forth above; and since this decision concerns important, arguably conflicting constitutional rights, the Court will stay this Order of Court, until June 30, 2006, to permit an appeal thereof to

the United States Court of Appeals for the Third Circuit.  If no appeal is filed on or before June

29, 2006 by noon, doc. no. 60 shall be unsealed (after redaction of personal data identifiers) on

June 30, 2006, with appropriate modification of the Protective Order (i.e., elimination of

paragraph 1.b.).  If an appeal is filed, this Order is stayed pending the decision of the United

States Court of Appeals for the Third Circuit.

## 2.  The Motion Itself (doc. no. 60) (9 pages)

The Court, having determined that Exhibits A and B should be unsealed, and since the

underlying in camera motion (doc. no. 60) simply summarizes information contained in

Exhibits A and B, plus attorney argument, also orders the unsealing of doc. no. 60, the motion

itself.

**SO ORDERED** this 13th day of June, 2006.

 s/ Arthur J. Schwab

Arthur J. Schwab
United States District Judge

cc:      All counsel of record

Stephen S. Stallings, Esquire
James r. Wilson, Esquire
United States Attorney's Office
700 Grant Street, Suite 400
Pittsburgh, PA 15219

Jerry McDevitt, Esquire
Mark Rush, Esquire
Karen I. Marryshow, Esquire
Amy Barrette, Esquire
Kirkpatrick & Lockhart Nicholson Graham
535 Smithfield Street
Henry W. Oliver Building
Pittsburgh, PA 15222-2312

Walter DeForest, Esquire, on behalf of WPXI

Joseph Rodkey, Esquire, on behalf of Post-Gazette

David Strassburger, Esquire, on behalf of Tribune Review & WTAE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| **CYRIL H. WECHT** | ) | |

**ORDER OF COURT**

AND NOW, this 13th day of June, 2006, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that defendant's motion to unseal is **DENIED**, the media outlet's motion to

unseal is **GRANTED**, and Doc. No. 60 is **UNSEALED**, effective June 30, 2006, subject to an

appeal hereof to the United States Court of Appeals for the Third Circuit.


      s/ Arthur J. Schwab
      Arthur J. Schwab
      United States District Judge

cc:    All counsel of record

Stephen S. Stallings, Esquire
James R. Wilson, Esquire
United States Attorney's Office
700 Grant Street, Suite 400
Pittsburgh, PA 15219

Jerry McDevitt, Esquire
Mark Rush, Esquire
Karen I. Marryshow, Esquire
Amy Barrette, Esquire
Kirkpatrick & Lockhart Nicholson Graham
535 Smithfield Street
Henry W. Oliver Building
Pittsburgh, PA 15222-2312


Walter DeForest, Esquire, on behalf of WPXI

Joseph Rodkey, Esquire, on behalf of Post-Gazette

David Strassburger, Esquire, on behalf of Tribune Review & WTAE