IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | | |
| ) | | |
| v. ) | | **Criminal No. 06-0026** |
| ) | | **Electronically Filed** |
| **CYRIL H. WECHT** ) | | |

**MEMORANDUM RELATING TO ORDER OF COURT (DOC. NO. 294)
DENYING DEFENDANT'S MOTION TO MODIFY
PROSPECTIVE JUROR LETTER (DOC. NO. 291)**

After reviewing defendant's Motion to Modify Prospective Juror Letter at Document No. 289 (doc. no. 291) and the government's response thereto (doc. no. 293), said Motion was denied earlier today at doc. no. 294. The reasons therefor are as follows:

First, defense counsel cites no statute, no rule of criminal procedure, no local rule of the United States District Court for the Western District of Pennsylvania, and not even one case to support this most extraordinary request.

Second, defendant argues that the cover letter to prospective jurors (filed by the Court at doc. no. 289) which accompanied the Juror Questionnaire sent to 300 prospective jurors (1) should not have been signed by the trial judge and (2) should not have been stated that the answers to the Jury Questionnaire are made "under the penalty of perjury." Defendant's argument lacks merit since this Court's cover letter is almost word-for-word based upon a 2002 cover letter signed by Senior Judge Maurice B. Cohill, Jr., formerly Chief Judge of this District. Judge Cohill's letter uses the words "under penalty of perjury." Further, <u>the standard printed jury questionnaire form, sent to all prospective jurors, in every case in this District, states that all answers are "under the penalty of perjury."</u>

Third, although Judge Cohill signed the cover letter accompanying the Jury Questionnaire in his case, as did this Court, defense counsel did not wish this Court to sign the cover letter because of the pending Motion to Recuse (doc. no. 269), supposedly so that the prospective jurors would not know the identity of the trial judge.  However, inconsistent with defense counsel's new founded position (only one day old), defendant's own proposed Jury Questionnaire (doc. no. 230) and the revised proposed Jury Questionnaire filed by defendant on July 13, 2006 (doc. no. 287), at questions 37 and 43, respectively, disclose this Court's full name.  Without objection, defense counsel agreed that said question should be included in the Final Jury Questionnaire at the second pretrial conference on July 12, 2006.  See hearing memorandum of July 12, 2006 (doc. no. 239).  One day later, on July 13, 2006, defense counsel reversed position in doc. no. 291 and wanted the Court's name deleted from the cover letter - - however, counsel did not object to question 43 in the Final Jury Questionnaire, which states, "Do any of you know the Judge in this case, Arthur J. Schwab."  The Court believes that it was proper to sign personally the cover letter (see doc. no. 289) in which the Court expressed its appreciation to the prospective jurors for time they will expend in answering the questions in the Final Jury Questionnaire, as well as the other accompanying juror forms.

Fourth, defense counsel contends that use of Judge Cohill's form letter by this Court, the use of the language "under the penalty of perjury" contained in Judge Cohill's cover letter and in the standard printed jury questionnaire form, and the Court's signing of the cover letter, is evidence of this Court's "actual bias and failure to maintain the appearance of impartiality."  This Court does not believe that following the practice of a distinguished jurist of the United States District Court for the Western District of Pennsylvania, constitutes bias or lack of impartiality.

Finally, implicit in defendant's motion is a complaint that the Court has yet not ruled on the motion for recusal.  Defense counsel waited for 14 days to file the motion, from the announcement of defense counsel that a motion for recusal would be filed at the eighth status conference of June 16, 2006 and the related news interview of defendant and the actual filing thereof on June 30, 2006, the Friday of the 4th of July weekend.  Defendant's reply brief was not filed until this Monday, July 10, 2006.  To expect the Court to rule on such an important motion in 2 to 4 days, while it took defense counsel 14 days to prepare said motion, is unreasonable.  See hearing memorandum of second preliminary pretrial conference of July 12, 2006 (doc. no. 290) (wherein the Court stated that it would file its decision on said motion within 14 days of July 10, 2006).

**SO ORDERED** this 14th day of July, 2006.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All counsel of record

Stephen S. Stallings, Esquire
James R. Wilson, Esquire
United States Attorney's Office
700 Grant Street, Suite 400
Pittsburgh, PA 15219

Jerry S. McDevitt, Esquire
Mark A. Rush, Esquire
Karen I. Marryshow, Esquire
Amy L. Barrette, Esquire
Kirkpatrick & Lockhart Nicholson Graham
535 Smithfield Street
Henry W. Oliver Building
Pittsburgh, PA 15222-2312