IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** )
                                                   )
    **v.**                            )       **Criminal No. 06-0026**
                                                   )       **Electronically Filed**
**CYRIL H. WECHT**              )

## ORDER OF COURT GRANTING DENYING DEFENDANT'S RENEWED
## MOTION FOR CLARIFICATION (DOC. NO. 346)
## RELATING TO ORDER OF COURT (DOC. NO. 290)

At the Second Preliminary Pretrial Conference of July 12, 2006 (see minute order at

Document No. 290), counsel were encouraged to cooperate on revised Joint Proposed Jury

Instructions in an attempt to reach agreement on at least some of the final jury instructions, and

were given additional directions on how to conform the Joint Proposed Jury Instructions to the

Court's prior ruling on defendant's motion to dismiss and the Pretrial Order, as follows:

**Jury Instructions/ Jury Verdict Form:**
Plan for Revised Joint Proposed Instructions: counsel discuss game plan regarding
revisions to style/structure of initial Joint Proposed Jury Instructions (Document
No. 233), as well as the timing for drafting, exchange and submission of Revised J.I.s.

Structure:  With Court's agreement and encouragement, counsel will endeavor to
"match" instructions in one unified set of proposed jury instructions for Court's
consideration, i.e., instructions that are not agreed upon should be arranged logically,
"grouped" together by subject matter, and "matched" with the opposition to each
proposed instruction, if any.  The proponent of a disputed instruction will set forth the
legal authority for the disputed points of law, which will be immediately followed by the
opponent's matching counter instruction(s), or objections to the proposed instruction if
there is no counter instruction, with supporting authority.

Conformity to Court's Rulings:  Counsel should endeavor to draft their instructions in
conformity with the previous rulings of the Court, particularly the Memorandum Opinion
and Order Denying Motion to Dismiss (document no. 264), which rulings are the law of
the case; this will not waive or concede any objections to this Court's interpretation of the
relevant statutes; counsel may, on or before **August 15, 2006** [August 18, 2006] [see doc.
no. 303], file an appropriate notice, without argument, setting forth any continuing
objections to the Court's interpretation of the law as reflected in the Revised Joint

Proposed Jury Instructions, identifying the instructions as to which said objections apply.

<u>Timing</u>:
Revised Joint Proposed Jury Instructions shall be filed on or before **August 18, 2006**; Government shall submit a draft of the Revised Joint Proposed Jury Instructions to counsel for the defendant on or before **August 4, 2006.**  During the period between August 4 and 18, 2006, counsel shall meet and confer and attempt in good faith to reach agreement as to all of the instructions.  The Revised Joint Proposed Jury Instructions is a mutual obligation that anticipates cooperation among counsel to work out the logistics and to achieve one timely, unified set of Revised Joint Proposed Jury Instructions for the Court's consideration and ruling.

Joint Proposed Jury Instructions 1- 9.  Government proffers reasons for disputed language [which is underlined to show where defendant objects to certain language], and states legal sources for instructions; defendant responds with arguments in support of objections; government replies.

Defendant's Proposed Jury instructions 10-63.  Defendant proffers points for charge and argues in support; government responds with its objections and arguments; def. replies.

 As the Court conveyed at the Second Preliminary Pretrial Conference of July 12, 2006, agreement on the language of the instructions was not *required*, although a good faith *attempt* was required.  The Court made clear that agreement on the *language* of a particular charge drafted to conform with this Court's previous rulings would <u>not</u> waive any objections to those rulings or concede that such a charge correctly stated the law.  The Court established a schedule for filing and preserving any such objections.  Transcript (Document No. 301) at 41-42.  Thus, the Court *encouraged* as much agreement as possible, as being in *everyone's* best interests, but clearly indicated if "there is not a willingness to work on that, that's fine, we are happy to sort through it. I don't want to make people try to agree if they don't want to agree . . . ."  Transcript (Document No. 301) at 40.

On July 18, 2006, Defendant filed a Motion for Clarification as to Order at Docket No. 290 (Document No. 297), seeking rulings on certain disputed issues relevant to the jury

instructions (e.g., whether materiality is a necessary element of honest services fraud) and clarification as to the procedure directed by the Court at the July 12, 2006 Second Preliminary Pretrial Conference. By Order of July 20, 2006 (Document No. 303), the Court denied that motion for failure to comply with this Court's Practices and Procedures, because it had not attached a proposed order specifying the relief requested, nor did it indicate that the movant had met and conferred with opposing counsel in an attempt to resolve the dispute. However, the Court directed counsel for movant "to meet and confer on the matters raised in doc. no. 297 on or before August 4, 2006, and thereafter, said Motion may be re-filed on or before August 11, 2006 (with response by government on or before August 18, 2006), if counsel fails to reach agreement thereon, subject to following this Court's Practices and Procedures and prior Orders of Court."

On August 11, 2006, defendant filed Defendant's Renewed Motion for Clarification (Document No. 346) relating to the Order at Document No. 290, which attached a proposed order and detailed the attempts to "meet and confer" with government counsel, which did not achieve any significant agreement as to the proposed jury instructions.  The Renewed Motion for Clarification seeks an order declaring that materiality is an element of honest services fraud or, alternatively, directing the government to clarify its position on that issue and respond to interrogatories attached as Exhibit B to the Renewed Motion for Clarification; the Renewed Motion for Clarification also requests enlargement of the times for submission of revised proposed jury instructions and for defendant to file objections to the government's proposed instructions to which defendant disagreed but did not propose counter instructions.

After reviewing the minute order of July 12, 2006 (Document No. 290), and the transcript of the Second Preliminary Pretrial Conference of that date (Document No. 301), the Court's

directions about counsels' obligation to attempt in good faith to reach agreement, if possible, on some of the proposed jury instructions, and what to do with regard to instructions where agreement was not reached, are clear and straightforward.  It would seem, therefore, that defendant seeks not clarification of the minute order, but rather an advance *ruling* on, inter alia, the necessity of an instruction on materiality.  This is an unusual request, see Fed.R.Crim.P. 30(b) ("The court must inform the parties before closing arguments how it intends to rule on the requested instructions."), and it contravenes the standard practice of this and most courts, as well as the Court's particular instructions in this case.

In any event, there is no doubt that counsel are unable to make further progress towards crafting a unified set of "Revised Joint Proposed Jury Instructions."  Therefore, the Court will sort through the parties' *competing sets* of Proposed Jury Instructions.  The government submitted "Revised Joint Proposed Jury Instructions" on August 18, 2006 (Document No. 371), which contains the government's complete set of proposed instructions followed by defendant's complete set of proposed instructions.  Defendant filed a Notice of Defendant's Continuing Objections to Government's Revised Proposed Jury Charges (Document No. 362) on August 18, 2006.  Defendant's Notice states that "the respective positions of the parties are reflected in the respective proposed charges submitted to the Court" on the same date, and setting forth objections to the government's proposed instructions.  Notice, at ¶ 8 and ¶ 10A-M.  The Court will, therefore, draft the final jury instructions based upon the "Revised Joint Proposed Jury Instructions" submitted on August 18, 2006 (Document No. 371), with its separate sets of

proposed instructions.[1]

Accordingly, the Court DENIES Defendant's Renewed Motion for Clarification (Document No. 346) for the reasons set forth above.

**SO ORDERED** this 25th day of August, 2006.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All counsel of record

_____

[1] Because defendant's objections are to the first "Revised Joint Proposed Jury Instructions" submitted on August 18, 2006 (Document No. 371), the Court will strike and disregard the government's second "Revised Joint Proposed Jury Instructions" submission of August 21, 2006 (Document No. 372), which rearranged the separate sets of instructions in an attempt to "match" each proposed instruction with its counterpart instruction or objection in conformity to the Court's Order.