IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| **CYRIL H. WECHT** | ) | |

**ORDER OF COURT RE: GOVERNMENT'S
MOTION IN LIMINE AT DOC. NO. 343**

The government's Motion in Limine to Preclude Argument, Examination of Witnesses or Attempts to Introduce Evidence Regarding Document No. 60 at Document No. 343, which shall be GRANTED IN PART AND DENIED IN PART, as set forth fully below.

To the extent said Motion in Limine seeks to exclude any and all references and attempts by defendant to introduce evidence concerning Document No. 60,[1] said motion is DENIED, subject to the Federal Rules of Evidence, including Fed.R.Evid. 403, 405 and 608. Although the government states that it does not intend to call Special Agent Orsini in its case in chief, the Court knows no reason why defendant would be categorically precluded from calling Special Agent Orsini to testify as to relevant and material matters, subject to the Federal Rules of Evidence. If Special Agent Orsini is called to testify, his credibility becomes relevant, and may be attacked, within the parameters set by those Rules.

There are at least some matters set forth in the records that are the subject of Document

---

[1] Document No. 60 is the government's sealed motion with regard to discovery of Special Agent Orsini's disciplinary records, which was sealed pursuant to a standing order of the United States District Court for the Western District of Pennsylvania and the parties' agreement on pretrial procedures that was incorporated in this Court's pretrial order. Defendant and several local media outlets have appealed the collateral order continuing the sealing of this document to the United States Court of Appeals for the Third Circuit, which is scheduled for oral argument on September 12, 2006. The Court ruled on the government's sealed motion in defendant's favor on the day it was filed, August 7, 2006, by Order of Court at Document No. 61, which directed the government to disclose said disciplinary records to defendant in their entirety.

No. 60 that <u>arguably</u> are probative of Orsini's truthfulness or untruthfulness, and some that are <u>not</u> arguably probative of Orsini's truthfulness or untruthfulness. Under Fed.R.Evid. 608(b), specific instances of conduct may be inquired into on cross-examination, at the discretion of the court, if they are probative of the witness's truthfulness or untruthfulness; however, the questioner must take the answer as given and cannot thereafter introduce extrinsic evidence about specific conduct. <u>United States v. Davis</u>, 183 F.3d 231, 257 (3d Cir. 1999).

As to the government's request to exclude entirely the role of Special Agent Orsini "in the origination of the investigation, the conduct of said investigation or any matter pertaining to SA Orsini's disciplinary history, absent prior specific approval of the Court," see Proposed Order (Document No. 343-01), the Motion in Limine goes too far, and is therefore GRANTED IN PART and DENIED IN PART.

The Court agrees with the government that the defendant has not proffered any <u>evidence</u>, as opposed to speculation and bare allegations, to support his accusations that Orsini and the United States Attorney for this District were acting improperly or vindictively at the behest of the Allegheny County District Attorney based upon his (the District Attorney's) political or personal animosity toward defendant.  Accordingly, consistent with this Court's prior rulings on the Motion to Dismiss (Document No. 264) and the Motion to Suppress (Documents No. 193, 220 and 221), inter alia, the Motion in Limine at Document No. 343 is GRANTED IN PART; specifically, defendant is precluded from referencing or attempting to inject at trial matters relating to his accusations that Orsini and the United States Attorney for this District were acting improperly or vindictively at the behest of the Allegheny County District Attorney based upon his political or personal animosity toward defendant.

Otherwise, the Motion in Limine is DENIED IN PART as overly broad and as potentially

inhibiting legitimate and traditional areas of cross examination of government witnesses. Obviously, if particular lines of inquiry at trial go too far afield, the government is free to object and the Court will deal with any such objections then. However, the Court will not categorically preclude cross-examination and evidence concerning the conduct of the investigation and Special Agent Orsini's role therein.

SO ORDERED this 31st day of August, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record