IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **Criminal No. 06-0026** |
| ) | **Electronically Filed** |
| CYRIL H. WECHT ) | |

**ORDER OF COURT RE: PRE-TRIAL MATTERS AND RULINGS ON PENDING
MOTIONS (DOC. NO. 437, 441, 447, 454, 459 AND 460)**

This case has been remanded to this trial court by the United States Court of Appeals for the Third Circuit. United States v. Wecht, 484 F.3d 194, 2007 WL 1086308 (3d Cir. April 12, 2007) (Mandate received July 10, 2007 (doc. no. 501)).[1]  Thus, the parties, counsel, and this Court must complete the few remaining pre-trial matters, including rulings on pending motions, adopt a new Pre-Trial Order, and proceed to trial.

### I. REMAINING PRE-TRIAL MATTERS

This Court has studied extensively the Opinion of the United States Court of Appeals for the Third Circuit, both the majority and dissenting opinions, not only for action mandated to be

---

[1] The Judgment Order of April 12, 2007 and accompanying majority and dissenting opinions were filed by the Court of Appeals on July 10, 2007 (doc. no. 501), and the Judgment was "Certified as a true and correct copy and issued in lieu of a formal mandate as to Appeal Nos. 06-3098, 06-3099, 06-3195, 06-3202, 06-3212 and 06-3213 Only on July 10, 2007."  This Court notes that on July 7, 2007, defendant Wecht filed a motion to stay the mandate pending filing of a petition for a writ of certiorari to the United States Supreme Court at the mandamus action, which is docketed at the Court of Appeals' Docket No. 06-3704.  See Court of Appeals' Order of July 10, 2007 (doc. no. 500).  Given the unambiguous previous ruling by the Court of Appeals on June 14, 2007 (doc. no. 483) that its "stay order of September 15, 2006, extends only to the trial that had been scheduled for October 2006 . . . [and] not . . . to the District Court's continuing supervisory powers over the conduct of the case," it is obvious that the pending motion to stay the mandate in the mandamus action has no impact on this Court's continued jurisdiction to conduct pretrial proceedings and to address and resolve pending pretrial matters.

taken by this Court upon remand, but also for wisdom on how best to proceed going forward to trial.

### A. Unsealing of Doc. No. 60 - The Orsini Records

The Court of Appeals affirmed this Court's decision (doc. no. 222) to order the unsealing of Special Agent Orsini's records (doc. no. 60), which ruling had been stayed pending appeal. This Court thus orders the immediate unsealing of doc. no. 60, thereby making Special Agent Orsini's disciplinary records available now to the public.

### B. Supplemental Hearing on Motion to Suppress

Unlike the public, the defendant has had possession of doc. no. 60, the Orsini records, since May 17, 2006, for almost 14 months (see doc. no. 168), including at the time of preparation for the June 8, 2006 hearing (doc. no. 214) on defendant's Motion to Suppress Evidence (doc. no. 55), but not when the Motion to Suppress was filed (April 11, 2006).  See Wecht, 2007 WL 1086308 at *12, and n.20.  Once defendant received the Orsini records, defendant did not seek to amend the Motion to Suppress, nor were the Orsini records used at the suppression hearing by defendant.  See Wecht, 2007 WL 1086308 at *12 and n.21.[2]

Nevertheless, out of an abundance of caution, defendant may file a supplemental motion to suppress, focused solely on the Orsini records, with related proposed findings of fact and conclusions of law, on or before **August 1, 2007**, and the government may file its response thereto, with proposed findings of fact and conclusions of law, on or before **August 17, 2007**.  A

---

[2]After the June 8, 2006 suppression hearing, this Court denied the Motion to Suppress (doc. no. 55) relating to 29 boxes containing private autopsy files in its Findings of Fact and Conclusions of Law of May 13, 2006 (doc. no. 220); the Court previously had denied defendant's Motion to Suppress in all other aspects in its Memorandum Order on May 31, 2006 (doc. no. 193).

supplemental suppression hearing will be conducted on **September 18, 2007 at 9:00 AM**, in which counsel for the parties may examine Special Agent Orsini concerning said records and argue their relevancy to this case.[3]  If either party wishes to call any other witness, or offer any other evidence, concerning Special Agent Orsini's credibility, said information must be disclosed in the foregoing scheduled moving or opposing papers.  Additionally, the suppression hearing record will be opened to receiving additional evidence from any party concerning Box 20. See Wecht, 2007 WL 1086308  at *19-*20.  The testimony and exhibits from the extensive prior suppression hearing of June 8, 2006 thus will be supplemented with testimony and exhibits from this scheduled supplemental hearing, which shall inform this Court's reconsideration of the remaining suppression issues.

### C.  Modification of Pre-Trial Order (doc. no. 42) Paragraph 9
### (Free Press - Fair Trade Provision)

Pursuant to the direction of the Court of Appeals, paragraph 9 (based upon Local Rule 83.1) of the agreed-to Pretrial Order (doc. no. 42) is hereby modified, effective today, to incorporate the "substantial likelihood of material prejudice" standard in place of the "reasonable likelihood of prejudice" standard of the current Local Rule 83.1.  With said modification, paragraph 9 of the agreed-to Pretrial Order remains in full force and effect.

---

[3]Regarding these records, the Court of Appeals stated the following: "We think it likely that the District Court would have permitted Wecht to use the records [at the suppression hearing] . . . ." Wecht, 2007 WL 1086308 at *12.  Indeed, on August 31, 2006, this Court issued an Order granting in part and denying in part the government's Motion in Limine seeking to exclude Special Agent Orsini's disciplinary records at trial, stating: "If Special Agent Orsini is called to testify, his credibility becomes relevant, and may be attacked, within the parameters set by" the Federal Rules of Evidence. Order of Court Re: Government's Motion in Limine at Doc. No. 343 (doc. no. 403), at 1.

### D.  Contempt Hearing

While the Court of Appeals had no occasion to address the merits of the contempt issue (except in the limited context of deciding that the notice of a contempt hearing did not provide grounds for recusal) and did not vacate the Court's notice of a contempt hearing following trial, see Wecht, 2007 WL 1086308, * 20, this Court considers the "time-out" caused by the interlocutory appeal to the Court of Appeals for the Third Circuit as providing an opportunity for a "fresh start" and, therefore, deems it beneficial to the parties and to the integrity of these proceedings to dissolve the notice of contempt and to vacate the scheduled post-trial contempt hearing referred in this Court's Memorandum Opinion of June 14, 2004 at 37.  Doc. No. 224.

### E.  Amended Pre-Trial Order

The existing agreed-to Pretrial Order of March 1, 2006 (doc. no. 42) sets forth numerous tasks and deadlines.  Many of the tasks have been completed and the case has moved beyond them.  First, the Court has already ruled on the Motion to Dismiss, the Motion to Suppress (except as provided above), and Motions in Limine and on the objections to exhibits.  Second, after further consideration, the Court will not use a Jury Questionnaire for the selection of the jury.  Third, as stated at the September 18, 2006 "Final" Pretrial Conference, jury instructions and jury verdict forms will be dealt with by the Court, only after the Court rules on defendant's motion to dismiss at the close of the government's case-in-chief.  See doc. no. 446, ¶ 3.

However, other tasks remain to be completed but the deadlines have passed.  The parties shall meet, in good faith, face to face, on or before August 1, 2007, and strive to reach agreement on the remaining tasks with proposed deadlines for a Revised Pretrial Order.  If the parties reach consensus on a new proposed agreed-to Revised Pretrial Order, said proposed Order shall be

filed on or before August 3, 2007. If partial or no agreement is reached, each party shall file their respective proposed Revised Pretrial Order by same date. Given the passage of time because of the appeal, the above-referred meeting will give all counsel an opportunity to start anew with a more cooperative attitude in advancing the mutual goal of proceeding fairly and expeditiously toward resolution of the proceedings, cognizant of the full range of constitutional, statutory and procedural protections afforded the accused.

### F. Continued Orders of Court

The Court again directs all counsel to continue to diligently prepare for trial and to adequately prepare to utilize courtroom technology.

## II. RULINGS ON PENDING MOTIONS

### A. Doc. No. 437 – Defendant's Motion to Compel Production of Prosecution's Proffers of Evidence

The Court denies doc. no. 437, in which defendant seeks to accelerate the government's disclosures of material (government's witness list and offers of proof), inconsistent with the agreed-to Pretrial Order of March 1, 2006 (doc. no. 42). As stated in the prior Memorandum Opinion of this Court, defendant received certain substantial benefits from the agreed-to Pretrial Order, and now attempts to set aside or modify the Pretrial Order to the detriment of the government. Defendant seeks certain information on a timetable inconsistent with the agreed-to Pretrial Order and inconsistent with the government's statutory obligation to produce Jencks Act material only after a government witness testifies on direct examination.[4]

---

[4] 18 U.S.C. § 3500(a) provides, in part, that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said

### B.  Doc. No. 441 - Defendant's Motion to Compel Discovery

The Court also denies defendant's Motion to Compel Discovery (doc. no. 441) in that defendant has failed to establish that the government has violated Rule 16 of the Federal Rules of Criminal Procedure or the Pretrial Order of March 1, 2006 (doc. no. 42).  In particular, defendant has not demonstrated *prima facie* that the government has failed to disclose any document(s) or information in violation of Brady case law.   In any event, the Court considers the march of time to have rendered this motion at least stale, if not moot.

### C.  Doc. No. 447 - Defendant's Motion to Vacate Orders Entered by Court on September 18, 2006

The Court denies as moot Defendant's Motion to Vacate Orders Entered by Court on September 18, 2006 (doc. no. 447), which also requests this Court to stay trial pending opinion by the United States Court of Appeal for the Third Circuit.  As way of background, by the agreed-to Pretrial Order of March 1, 2006 (doc. no. 42), the "Final" Pretrial Conference in this case was scheduled for Monday, September 18, 2006 at 8:00 AM.  Late on Friday, September 15, 2006, the Court of Appeals entered an order as follows: "The trial of the above-captioned matter is stayed pending the opinion of this Court."  Doc. No. 445 (emphasis added).  This Court thus had to decide which of the pending matters to handle at the "Final" Pretrial Conference.  While the actual trial was stayed, the Court of Appeals for the Third Circuit did not stay all pre-trial proceedings, and this Court struck the following balance, as set forth in the Minute Entry of Hearing on Final Pretrial Conference (doc. no. 446):

* * *

---

witness has testified on direct examination in the trial of the case."

2. In light of the Order of September 15, 2006, of the United States Court of Appeals for the Third Circuit staying the trial of the case, the Court cancelled the review of the Jury Questionnaire scheduled for September 19, 2006.  The Court also informed counsel that the jury selection schedule for October 11, 2006, would be postponed if no opinion is received from the Court of Appeals by then, and if there was a delay beyond October 11, 2006, the 300 jurors would be released.  See doc. no. 444.
3. Jury Instructions and Verdict Form: The Court informed counsel that jury instructions and jury verdict form would be dealt with again only after the Court rules on defendant's Motion to Dismiss at the close of the government's case-in-chief.
4. Pending Motions: The Court ordered the government to file responses to defendant's two pending motions (doc. nos. 437 and 441) (together with a proposed Order re: schedule for the production of Jencks Act material) on or before noon on September 28, 2006 and defendant's replies thereto shall be filed by noon on October 3, 2006.
5. Trial Preparation: The Court directed all counsel to continue to diligently prepare for trial and to adequately prepare to utilize courtroom technology.

In defendant's Motion to Vacate Orders Entered by Court on September 18, 2006 (doc. no. 447), at the above referenced Final Pretrial Conference, filed one week later on September 22, 2006, defendant sought to stop the pleading cycle set forth in paragraph 4 above and void the requirements of paragraph 5 that "directed all counsel to continue to diligently prepare for trial and to adequately prepare to utilize courtroom technology."

Since the parties complied with paragraph 4 above, by filing the appropriate responses/replies relating to doc. nos. 437 and 440, and since defendant subsequently filed a motion at doc. no. 459 and other pleadings, the Motion to Vacate in that regard is moot.

As to the portion of the Motion to Vacate seeking to void the requirement "to continue to diligently prepare for trial," defendant argues that the appeal deprived the trial court of "jurisdiction to enter such order [ ] . . . ." Doc. No. 447-1 at 2.  Defendant cites only one case (Sullivan v. Sullivan, 904 F.2d 826 (3d Cir. 1990)), a complicated civil proceeding, bearing little

or no resemblance to this matter.  Further defendant herein sought, but did not receive, from the Court of Appeals, a "stay [of] district court proceedings pending disposition of petition for writ of mandamus" - - instead the Court of Appeals explicitly stayed only the trial, and this stay was not filed at that Court's case number for defendant's mandamus action (06-3704).  This Court does not interpret the precise stay language used by Court of Appeals for the Third Circuit as inadvertent, and even if it may have been inadvertent, this Court is not at liberty to disregard the plain language of that Court.

However, out of an abundance of caution, this Court decided to exercise its discretion by issuing no substantive orders, and took no further action relating to this case during the appeal, including <u>not</u> ruling on doc. nos. 437, 441, and 447, except to order responses to filed motions and to cancel the trial and discharge the 300 jurors, as follows:

> AND NOW, in light of the Order of the United States Court of Appeals for the Third Circuit (dated September 15, 2006) which states that "[t]he trial in the above-captioned matter is stayed pending the opinion of the court," and since no opinion of the Court of Appeals has been filed as of yet, the jury selection scheduled for October 11, 2006 is cancelled, and the trial date of October 16, 2006 is cancelled.  All jurors summoned for jury selection who have not been excused or temporarily deferred as of this date and were on call to appear on October 11, 2006 for selection in this matter shall be reinstated to the qualified jury wheel for future jury service in this court.  The Jury Administrator shall return said jurors to the qualified wheel forthwith and without further order of court.

Doc. No. 457.

As to the requirement that counsel "continue to diligently prepare for trial" (see doc. no. 446 at 5), such direction by the Court was -- and still is -- quite proper and prudent.  First, no issue was raised on appeal related to the underlying merits of the case - - only as to who would be the trial judge, whether the then-existing Local Rule 83.1 would govern this case, and whether

certain disciplinary records (i.e., Orsini records) that were already in the possession of defense counsel would be made public.  Secondly, as stated above, the district court retained jurisdiction over the case.  Thirdly, such continued diligent trial preparation was -- and still is -- in the interest of the parties and public so this matter could be promptly and fairly tried upon remand. Nothing in this Court's direction was contrary to the stay entered by the Court of Appeals, and defendant did not seek a modification from the Court of Appeals to amend the "trial" stay to include suspension of pretrial preparation.  Fourthly, the Court of Appeals on June 14, 2007, issued an Order  (doc. no. 483) denying defendant's emergency motion for clarification of its stay order, which explicitly confirmed this Court's interpretation of its stay order as follows:  "This Court's stay order of September 15, 2006, extends only to the trial that had been scheduled for October 2006.  It does not extend to the District Court's continuing supervisory powers over the conduct of the case."

Presumably, the parties and counsel have complied with the Orders of September 18, 2006, and are now ready (or at least almost ready) to try this case - - the parties and counsel have had an additional nine months to prepare for trial - - more than double the trial preparation time set forth in the agreed-to Pretrial Order of March 1, 2006.  (Doc. No. 42).

### D.  Doc. No. 454 - Government's Motion to Submit Revised Exhibit List to Court in Lieu of Filing

Pursuant to the Court's direction at the third preliminary pretrial conference of September 7, 2006, the government was directed to prepare a trial exhibit list with columns that include . . . "the Court's rulings on all Government exhibits with columns indicating whether exhibits were admitted or defendant's objections were sustained, and a column referencing the doc. no. entry/page no. where the Court made said rulings."  See minute entry at doc. no. 422.

Because this Trial Exhibit List will include updated exhibit information (see doc. no. 452 - Government's Notice of Serving Revised Exhibit List), including "indication of the witness sources for certain exhibits" (see doc. no. 454), the government wishes to provide this helpful document to the Court and defense counsel but not file said document.  Defense counsel refused to consent thereto.  Although said chart would be a substantial assistance to the Court, the Court will deny the Motion (doc. no. 454) and hereby vacates the above-mentioned requirement that the government provide said chart.

However, in light of the "fresh start" opportunity we have been provided, the Court is optimistic that the parties and the Court will be able to work together to craft a useful method of tracking the exhibits, one that will be of help to the Court and to the jury, and to that end, directs the parties to meet and confer face-to-face, in good faith, to discuss the exhibits to be used at trial, to discuss summary exhibits, to discuss the format for a useful chart of the evidence to be introduced at trial, and other related matters, and to be prepared to discuss their efforts in that regard at the next status conference

### E.  Doc. No. 459 - Defendant's Motion to Strike Government's Notice of Servicing Revised Exhibit List (doc. no. 452)

Defense counsel seeks to strike the government's Notice of Serving Revised Exhibit List (doc. no. 45) because said Notice, filed September 29, 2006, "is riddled with material misstatements which create a false factual record," and contains "yet another regrettable falsehood."  The Court does not find any "material misstatements" or "falsehood" in said Notice; and the Court thus denies the Motion to Strike.

### F.  Doc. No. 460 - Government's *In Camera* Review of Document at Bates No. GJ-1C-22-001892 through GJ-1C-22-001898

A review of the pending Motion (doc. no. 460) and responses/replies that follow (doc. no. 463, 465, 468, and 469), stripped of the personal attacks and unhelpful diatribes, indicate that documents (GJ-1C-22-01892 through GJ-1C-22-001898) were discovered by the government in the midst of government exhibit 359, and that it appears to the government that these seven (7) pages were a "document . . . prepared by defendant's investigators or attorneys after indictment, and inadvertently left within the original box in early spring of 2006 when defendant's investigators and attorneys were reviewing original discovery material at the government's office - - before any such materials were scanned.  It seems possible that the document was then scanned as part of the box within which defendant's investigators or attorneys may have left it." Doc. No. 460.

The government attempted to handle this matter informally by asking defense counsel by e-mail, ". . . Can you identify these documents?  We will not analyze or utilize these documents pending your response." Doc. No. 460 at 2.

Defense counsel apparently did not appreciate the government's response to its discovery, and instead of working through a simple resolution (like requesting the return of the original documents and destroying all copies), increasingly unpleasant e-mails were exchanged, followed by the unpleasantness of Defendant's Response to Government's Motion for *In Camera* Review of Document at Bates No. GJ-1C-22-001892 through GJ-1C-22-001898 (Doc. No. 460) and Response to Updated Motion Regarding *In Camera* Review of Document and Notice of Partial Mootness as to Original Motion at Docket No. 460 (Doc. No. 462), wherein defense counsel (again) accused the government's counsel of "prosecutorial misconduct misrepresentations,"

stating as follows:

NOW, comes Defendant, Cyril H. Wecht, by and through his counsel, Kirkpatrick & Lockhart Nicholson Graham LLP and files his Response to the Government's Motion for *In Camera* Review of Document at Bates No. GJ-1C-22-001892 through GJ-1C-22-001898 and Response to Updated Motion Regarding *In Camera* Review of Document and Notice of Partial Mootness as to Original Motion at Docket No. 460 and states as follows:

## I.  Introduction

As the defense has consistently maintained since the entry of the Stay Order of the Third Circuit on September 15, 2006, this Court lacks jurisdiction to act in regard to matters embraced by the Stay Order while those matters remain before the Third Circuit.  As the Government knows, a central aspect of the matters before the Third Circuit involves this Court's actions regarding the Government's Trial Exhibit List submitted to this Court on May 15, 2006.  This recent motion of the Government clearly implicates the Trial Exhibit List of the Government, although AUSA Stallings goes to great lengths not to address or even disclose that issue.

The document now in question was buried in hundreds of thousands of pages listed as prosecution trial exhibits on the May 15, 2006 Trial Exhibit List. Indeed, the document in question was subsequently admitted into evidence, twice, by this Court.  Doc. Nos. 152 and 224.  The Pretrial Order pursuant to which the document was admitted required the proponent of the evidence to list the author of each exhibit.  Doc. No. 42, p. 3.  Indeed, proving the identify of the author of a document is a basic predicate to authentication fo the document as evidence. Thus, both explicit and implicit in the proffer of the document as evidence was that the Government knew the author of the document.  Now, five months <u>later</u>, this Court was told in Doc. No. 460 that "the undersigned", who was AUSA Stallings, learned on October 11, 2006, that this document appeared out of place in the Government's document base and that the document only received an "initial, cursory review" thereafter.  A few days later, AUSA Stallings told this Court that this "cursory review" actually occurred on October 10, 2006, and was the only use of the document by the Government to date.  Doc. No. 462, n.3.  In turn, this "cursory review" and first-time review of his own evidence caused AUSA Stallings to request hearings in the face of the Stay Order to have the defense identify for him the author of the document he sponsored as evidence five months ago.

\* \* \*

The representations of AUSA Stallings cannot be reconciled.  In reality, this whole scenario conclusively proves yet another example of prosecutorial

> misconduct and misrepresentations to this Court. Those misrepresentations were a central link in this Court's reasoning and actions and were a direct link in the chain of events leading to the recusal motion.
>
> Accordingly, the defense reserves all rights relating to this and other prosecutorial misconduct when jurisdiction vests again before this Court or another trial jurist depending on the decision of the Third Circuit. In the event hearings are held, the defense submits that the hearings should require testimony and examination of the Government agents who have been involved in the irreconcilable representations made to this Court with sanctions, up to and including dismissal of the Indictment, imposed for those found to be false and misleading and for other prosecutorial misconduct affecting the integrity of these proceedings.
>
> In the meantime, the Government has no right to maintain possession of work product of the defense, nor any reason not to return it to the defense immediately, and to certify that all copies have been destroyed.

Nowhere in the defendant's filings on this issue does defense counsel explain how these 7 pages did not come to defense counsel's attention when they were preparing their objections to the government's trial exhibits, or if they were so aware, the reason that defendant's objections did not make specific reference to those 7 pages. Had defense counsel done so, this issue would have been dealt with by the Court as promptly as all other pretrial disputes have been handled.

As stated above, the issue of the 7 pages instead was brought to the Court's attention by the government in its motion for *in camera* review (doc. no. 460), seeking "the appropriate disposition of the original and scanned copies" of the 7 pages. Doc. No. 460 at 3. Defense counsel assert that "the government has no right to maintain possession of work product of the defense, nor any reason not to return it to the defense immediately, and to certify that all copies have been destroyed." Doc. No. 462.

Since the government proposed giving the original and all copies of the 7 pages to the defendant, and since defendant seeks the same; and since the last pleading was filed on this issue

on October 25, 2006, and more than 6 months have passed thereafter; hopefully the parties have achieved the transfer of these 7 pages and destruction of all copies in a professional manner, and the matter is moot. However, if not, then the government shall give the original to defense counsel and destroy all copies and delete same from the trial exhibit database. This ruling terminates doc. no. 460.[5]

                              **SO ORDERED** this 11th day of July, 2007.

                               s/ Arthur J. Schwab
                              Arthur J. Schwab
                              United States District Judge

cc:    All counsel of record

---

[5] Defendant's Motion Regarding Scope of Referral of Extrajudicial Speech Issues to the Pennsylvania Disciplinary Board (doc. no. 491) will be resolved by separate order of court.