IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-0026 |
| | ) | Electronically Filed |
| CYRIL H. WECHT | ) | |

**ORDER OF COURT REGARDING DEFENDANT'S MOTION REGARDING SCOPE OF REFERRAL OF EXTRAJUDICIAL SPEECH ISSUES TO THE PENNSYLVANIA DISCIPLINARY BOARD (DOC. NO. 491)**

On June 20, 2007, this Court entered an Order requesting the Disciplinary Board of the Supreme Court of Pennsylvania to consider the government's motion for sanctions against defendant's attorneys in this case, stating as follows:

> Pending before this Court is a Motion for Sanctions (doc. no. 477) (with supporting brief - doc. no. 478) filed on behalf of the United States of America, Defendant's Response thereto with supporting attachments (doc. no. 485), and the Government's Reply (doc. no. 486). The Motion for Sanctions alleges that counsel for defendant have repeatedly violated Rule 3.6 of the Pennsylvania Rules of Professional Conduct, relating to extrajudicial statements in the above criminal case, and requests this Court to consider the motion, to find that counsel have violated the Pennsylvania Rules of Professional Conduct, and thereafter to issue appropriate sanctions. Counsel for defendant deny that they have violated the Pennsylvania Rules of Professional Conduct in any way, and suggest that the government's attorneys have themselves violated the rules with regard to extrajudicial pretrial publicity.
>
> Whether or not the extrajudicial statements of counsel violate Rule 3.6, in whole or in part, is not only important to the parties and counsel in this case, it is also of significant interest to attorneys admitted to practice in the state and federal courts in the Commonwealth of Pennsylvania, and to the public.
>
> Since defendant's counsel are admitted to practice before the Supreme Court of Pennsylvania, and their admission to this Court was based thereon, and since the Local Rules with regard to attorney practice before the United States District Court for the Western District of Pennsylvania adopt the Rules of Professional Conduct as adopted by the Supreme Court of Pennsylvania, LR

      83.3.1(B), this Court respectfully requests the Disciplinary Board of the
Supreme Court of Pennsylvania to consider the government's complaint and
determine whether or not the Pennsylvania Rules of Professional Conduct have
been violated by counsel for defendant, and, if so, determine an appropriate
sanction.  This issue and these attorneys are within the express jurisdiction of
the Disciplinary Board, which has exceptional expertise and experience, and
specialized staff and procedures, to investigate complaints about attorneys and
to take the appropriate action, and the Supreme Court of Pennsylvania
specifically created the Disciplinary Board to handle such matters.

        Accordingly, the government's  Motion for Sanctions (Doc. No. 477) is
HEREBY REFERRED to the Disciplinary Board of the Supreme Court of
Pennsylvania for its consideration in due course, in accordance with its rules
and procedures.

Order Referring Motion for Sanctions to the Disciplinary Board of the Supreme Court of Pennsylvania (doc. no. 488).

    Defendant's  Motion Regarding Scope of Referral of Extrajudicial Speech Issues to the Pennsylvania Disciplinary Board (doc. no. 491) requests this Court to clarify that it intended the referral to include any extrajudicial statements made by the United States Attorney for the Western District of Pennsylvania in her press conference and press release at the time of the indictment in January, 2006.  Although titled a "Motion Regarding Scope of Referral of Extrajudicial Speech Issues to the Pennsylvania Disciplinary Board," defendant moves within for this Court to refer the allegedly improper extrajudicial comments of the United States Attorney to the Pennsylvania Disciplinary Board.  Although these statements by the United States Attorney were never made the subject of a motion for sanctions by the defendant, he did offer these statements in "defense" of the motion for sanctions and to place in context his attorneys' statements of which the government complained.  See Defendant's Response to Motion for Sanctions (doc. no. 485), at 2-6.

In its response, the government opposes any referral of these 18 month old statements and disagrees vigorously with defendant's characterization of them as improper. The Court agrees with the government that because defendant did not formally complain about the United States Attorney's January 2006 indictment-related statements until June 26, 2007, this Court probably would be justified in denying his request to explicitly refer same to the Disciplinary Board. However, the Court also agrees with defendant that, since the Court did not prejudge or express any opinion about the validity of the government's motion for sanctions, it would be wise to similarly refrain from judgment about the timeliness or merits of his complaints about the United States Attorneys extrajudicial statements, and instead, simply refer said statements to the Disciplinary Board for it to determine whether, in accordance with its rules and procedures, it will consider them and, if it does, whether they violated any Rules of Professional Conduct.

Accordingly, out of an abundance of caution, this Court **HEREBY GRANTS** defendant's Motion Regarding Scope of Referral of Extrajudicial Speech Issues to the Pennsylvania Disciplinary Board (doc. no. 491) and will clarify it's Order of June 20, 2007, Referring Motion for Sanctions to the Disciplinary Board of the Supreme Court of Pennsylvania (doc. no. 488) as follows:

the statement "Whether or not the extrajudicial statements of counsel violate Rule 3.6, in whole or in part, is not only important to the parties and counsel in this case, it is also of significant interest to attorneys admitted to practice in the state and federal courts in the

Commonwealth of Pennsylvania, and to the public" includes the indictment-related statements by the United States Attorney in January 2006, and the Court's referral encompasses said statements.

          **SO ORDERED** this 19th day of July, 2007.

          s/ Arthur J. Schwab
          Arthur J. Schwab
          United States District Judge

cc:    All counsel of record