IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| CYRIL H. WECHT | ) | |

**ORDER OF COURT RE: GOVERNMENT'S MOTION TO QUASH (DOC. NO. 600); DEFENDANT'S MOTION FOR CLARIFICATION AND/OR MODIFICATION OF TRIAL PROCEDURES AND SCOPE OF EXHIBIT AND IN LIMINE RULINGS (DOC. NO. 604) (EXCLUDING JURY SELECTION ISSUES)[1]; DEFENDANT'S MOTION TO IMMEDIATELY VACATE THE INJUNCTION CONTAINED IN THE DECEMBER 4, 2007 ORDER (DOC. NO. 609); AND DEFENDANT'S MOTION FOR RECONSIDERATION OF SUPPLEMENTAL MOTION TO SUPPRESS (DOC. NO. 602)**

### I. Summary

The Court will grant in part and deny in part the government's Motion to Quash Trial Subpoenas (doc. no. 600); grant in part and deny in part defendant's Motion for Clarification and/or Modification of Trial Procedures and Scope of Exhibit and in Limine Rulings (doc. no. 604); deny defendant's Motion to Immediately Vacate the Injunction Contained in the December 4, 2007 Order (doc. no. 609); and deny defendant's Motion for Reconsideration of Supplemental Motion to Suppress (doc. no. 602).

### II. Government's Motion to Quash Trial Subpoenas (doc. no. 600)

The government seeks an Order of Court quashing "trial" subpoenas duces tecum directed by defendant to an unknown number of potential trial witnesses, without prior court order, to produce documents on January 23, 2007, before the actual start date of the trial (January 28, 2008), but after the date jury selection is to commence (January 10, 2008). Moreover, the subpoena duces tecum attached to the government's motion directed production of requested

---

[1] A separate Order of Court was issued today dealing with the jury selection issues.

documents at defense counsel's law office, <u>not</u> at the trial judge's Courtroom or anywhere else in the United States District Courthouse.

The "Subpoena in a Criminal Case" attached as Exhibit "A" to said Motion (doc. no. 600) is directed to "Stephen A. Zappala, Jr., District Attorney - Allegheny County." The first of seven pages is the Form AO-89 "Subpoena in a Criminal Case," which, by form language included by the Administrative Office of the United States Courts, commands Zappala to "appear in the United States District Court at the place, date and time specified below or any subsequent place, date and time set by the court, to testify in the above referenced case." The "place" typed in the appropriate box is the "United States District Court," specifically, "Courtroom 7-C," and the date and time typed in the appropriate box is "1/23/07 at 9:00 a.m." The box commanding the person subpoenaed to bring documents or other objects with him describes the items to be produced as "SEE ATTACHMENT 'A.'"

The six typed pages attached to Zappala's AO-89 Form Subpoena in a Criminal Case initially gives three pages of definitions (much like a notice of deposition in a civil proceeding might), and lists ten categories of documents to be provided to "Jerry S. McDevitt, Esq." at the law offices of "Kirkpatrick & Lockhart Preston Gates Ellis, LLP," on or before January 23, 2008.

Thus, the attachment to the Zappala trial subpoena requires him to produce documents to counsel for defendant at counsel's office, not at the United States District Courthouse, five days before the start of the trial, and also requests Zappala to appear at the Courthouse five days before the start of the trial. The subpoena is, therefore, more properly characterized as a <u>pretrial</u> subpoena.

Further, the Zappala pretrial subpoena seeks documents relating to matters that the Court has ruled, several times now, are not relevant to any issue that will be before the Court and jury at trial, in the Court's rulings (doc. nos. 193 and 591) denying defendant's two (2) Motions to Suppress (doc. nos. 55 and 509); rulings (doc. no. 264 and 557) denying defendant's two (2) Motions to Dismiss (doc. nos. 180 and 540); the Court's rulings on the admissibility of evidence (doc. no. 593); and rulings on motions in limine (doc. no. 594).

The applicable Rule of Criminal Procedure is Rule 17(c), which states:

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Construing Rule 17(c), the United States Supreme Court has stated:

    It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. Rule 17 provided for the usual subpoena ad testificandum and duces tecum, which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena duces tecum to be produced at a specified time and place for inspection by the defendant. Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.

Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951). Bowman was followed and explained further in United States v. Nixon, 418 U.S. 683, 698-700 (1974):

    A subpoena for documents may be quashed if their production would be 'unreasonable or oppressive,' but not otherwise. The leading case in this Court interpreting this standard is Bowman Dairy Co. . . . This case recognized certain fundamental characteristics of the subpoena duces tecum in criminal cases: (1) it was not intended to provide a means of discovery for criminal cases, id., at 220, 71 S.Ct. 675; (2) its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials, ibid. As both

parties agree, cases decided in the wake of Bowman have generally followed
Judge Weinfeld's formulation in United States v. Iozia, 13 F.R.D. 335, 338
(SDNY 1952), as to the required showing. Under this test, in order to require
production prior to trial, the moving party must show: (1) that the documents are
evidentiary and relevant; (2) that they are not otherwise procurable reasonably in
advance of trial by exercise of due diligence; (3) that the party cannot properly
prepare for trial without such production and inspection in advance of trial and
that the failure to obtain such inspection may tend unreasonably to delay the trial;
and (4) that the application is made in good faith and is not intended as a general
'fishing expedition.' (footnotes omitted.)

The Zappala pretrial subpoena violates the express language of Rule 17(c), and the precedent applying that rule, which plainly require Court approval "to produce the designated items in court before trial or before they are to be offered in evidence," as well as violating the above previous rulings of this Court, in several ways.

First, defendant is indeed correct that January 23, 2008 falls after jury selection begins (January 10, 2008) and that, for purposes of the Speedy Trial Act, a trial is deemed to "commence" at voir dire or jury selection, thus stopping the Speedy Trial clock. In most cases, jury selection begins on the day of or the day before opening statements, but in this case, jury selection begins 18 days before opening statements or any possible testimony or documentary evidence will be introduced. In most cases, and in this case, no evidence is taken - no testimony or documents are introduced - at the voir dire/ jury selection process. Thus Zappala's subpoena to appear on January 23, 2008, five days before any evidence will be taken, is not at all a subpoena to appear at a trial to give testimony or present documents; it is what it is, a pretrial subpoena for attendance and production of documents prior to the actual trial, and that requires an order of court. See United States v. Weldon, 2006 WL 905932, *2 (E.D.Ky. 2006) ("because the subpoena requests that the records be produced to the defense attorney's office rather than to Court, the government argues that the subpoena does not comply with Rule 17, of the Federal

Rules of Criminal Procedure. Although Rule 17(c)(1) does allow the Court to direct witnesses to produce records in court prior to trial, the rule requires such early production by Court order, as opposed to a simple request by defense counsel"), citing Bowman, 341 U.S. at 220-21 (Rule 17(c) was not intended to provide an additional means of discovery; its purpose is trial-focused, and it therefore may be used only to obtain materials admissible as evidence at trial); United States v. Nachamie, 91 F.Supp.2d 552, 561 (S.D.N.Y. 2000) ("It has become accepted jurisprudence that Rule 17(c) is not intended to provide 'a means of discovery for criminal cases . . . but to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.'"), citing Nixon, 418 U.S. at 698-99.

Second, it is difficult to imagine how the Court could have been any clearer in its previous rulings that Zappala's former law office, his partnership buyout, any legal services that may have been provided his former law firm by Wecht Pathology, communications between Zappala and Orsini, etc., are irrelevant to the issues properly joined for trial, and the Zappala pretrial subpoena, therefore, fails the first Nixon prong, i.e., in order to require production prior to trial, the moving party must show that the documents are evidentiary and relevant, and not just a fishing expedition, which appears to be the case.

Third, very conspicuous by its absence in defendant's response and brief in opposition to the government's motion to quash is any mention of one of the government's key arguments – the "place" where the Zappala subpoena directs him to produce these irrelevant documents is in defense counsel's law office at Kirkpatrick & Lockhart Preston Gates Ellis, LLP. However, the place where trials are held in the United States District Court for the Western District of Pennsylvania is always in the United States District Courthouse, never in defense counsel's office. Defendant does not even attempt to explain how defense counsel's law office could

possibly be permitted by this Court's Rule 17 subpoena commanding a person to appear in the United States District Court, Courtroom 7-C, bringing to that place (the Courthouse) whatever documents are requested.

Thus, even if the subpoena were for some date after the trial actually started, a third party could not be commanded to bring documents to defense counsel's law office pursuant to this Court's AO-89 form Rule 17 subpoena, which in its form language (i.e., the Court's own language, not defendant's typed attachment), specifically states that the place for production is Courtroom 7-C in this United States District Courthouse.

Finally, defendant argues in his Motion to Immediately Vacate the Injunction Contained in the December 4, 2007 Order (doc. no. 609) that the government has no standing to seek to quash the subpoena, and that the Court lacks the authority to supervise defendant's use of the Court's subpoena powers. While third parties who may have been subpoenaed have not yet filed motions to quash, the government has filed a Motion to Quash (doc. no. 600), the matter is properly before the Court, and defective trial subpoenas that abuse the Rule 17 process and alter the terms of this Court's subpoenas are within the inherent authority of the Court to correct. See Bowman, 341 U.S. at 221 (it is the responsibility of the Court, not the opposing party, to ensure that a subpoena secured under Rule 17(c) is for a proper purpose); Weldon, 2006 WL 905932, *1 ("With or without standing to move to quash the subpoena duces tecum, the Court has the inherent authority to review the propriety of trial subpoenas issued pursuant to Rule 17."); United States v. Weissman, 2002 WL 31875410, *5 (S.D.N.Y. 2002) ("Although the Defendant asserts that the Government lacks standing to move to quash, the Court will nonetheless address the Government's objections because it is the Court's responsibility to ensure that the subpoena is for a proper purpose and complies with the requirements of Rule 17(c))," citing Nachamie, 91

F.Supp.2d at 561 (even if government lacks standing, "before a court issues a Rule 17(c) subpoena, it must be satisfied that the subpoena complies with the requirements of the Rule.").

The Court therefore will GRANT the Motion to Quash the Zappala subpoena, and any other subpoenas that specify a date prior to the start of trial or a place other than this Court. To the extent the government's motion to quash requests the Court to direct defendant to identify all witnesses who have received a similarly defective subpoena duces tecum and produce copies of such subpoenas to the government, the Court will DENY the government's request. Thus, the Court orders as follows:

(1) Defendant shall not serve any additional improper subpoenas duces tecum and shall comply with the requirements of Rule 17 of the Federal Rule of Criminal Procedure.

(2) All subpoenas duces tecum issued by defendant that purport to require production of any materials before trial are hereby quashed.

(3) All subpoenas duces tecum issued by defendant that purport to require production of any materials to any location other than the Courtroom, and other than to both the government and defendant, are hereby quashed.

Further, for the foregoing reasons, defendant's Motion to Immediately Vacate the Injunction Contained in the December 4, 2007 Order (doc. no. 609) is DENIED.

**III. Issues Raised by Defendant in His Motion for Clarification (doc. no. 604)**

**1. Motion in Limine Rulings**

Defendant seeks "clarification on the scope of the prior [motions] in limine rulings as they apply to exhibits and prospective witnesses . . . ." The Court has ruled on numerous motions in limine. See doc. nos. 386, 387, 388, 389, 390, 391, 392, 393, 394, 402, 403, 412, 414, 415, 416, 417, 418, 419, 420, 423, 424, 425, and 594. Defendant in his motion for clarification is again placing "gloss" and "limitations" on the rulings of the Court (see doc. no.

594) and using a "Motion for Clarification" as a "Motion for Reconsideration." In general, the Court declines defendant's request that the Court provide advice on trial tactics and trial procedure.

As an example, defendant wishes the Court to give the following trial advice - - "clear and specific limitation" "on what evidence and lines of examination" (see doc. no. 605 at 19) are permitted (or barred) by the Order (doc. no. 594 at 23) granting Motion in Limine (doc. no. 558) which states as follows: "Defendant is precluded from referencing or attempting to inject at trial matters relating to his accusations that this prosecution was motivated by politics." It is trial counsel's responsibility to apply the Order to the evidence, and not the Court's responsibility to anticipate defense counsel's possible examination, on a line-by-line basis, on a witness-by-witness basis. Interestingly, defendant cites not one case or statute placing the responsibility of the trial lawyer on the trial judge.

The Court, however, will give two (2) following comments to defendant. First, the rulings of the Court have made clear that defendant may not use, in the government's case-in-chief, defendant's trial exhibits to which objections have been sustained. If the currently inadmissible trial exhibits of defendant somehow become arguably admissible, defendant shall simply call said witness in his case-in-chief and use the document, upon appropriate motion and ruling of the Court. Second, the 30 "defense" witnesses on the list at pages 17-19 of Motion for Clarification (doc. no. 605),[2] which include the following:

---

[2]The Court notes that defendant's Revised Witness List (doc. no. 550 of 10/15/07) expands the number of defense witnesses to more than 155 witnesses (including U.S. Senator Arlen Specter, numerous U.S. Attorneys and Assistant U.S. Attorneys, Justice Department officials, and local political officials) from a more modest list of witnesses (provided to the Court on 5/18/06 - - see also doc. no. 429) of approximately 110 "will call" and "may call" witnesses (including Larry King, Catherine Crier and Geraldo Rivera).

d. Mary Beth Buchanan - United States Attorney; No. 16 on defense witness list;

e. Robert Cessar - First Assistant United States Attorney; No. 24 on defense witness list;

g. James Comey - Former Deputy Attorney General; No. 30 on defense witness list;

p. Harry Litman - Former United States Attorney; No. 83 on defense witness list;

x. William Sessions - Former Director of FBI, speaker at Wecht Institute; No. 123 on defense witness list;

aa. Michael Sullivan - United States Attorney for Massachusetts, speaker at Wecht Institute; No. 141 on defense witness list;

bb. Shaun Sweeney - Assistant United States Attorney, speaker at Wecht Institute; No. 142 on defense witness list; and

dd. Stephen Zappala - District Attorney for Allegheny County; No. 155 on defense witness list

are barred from testifying based upon defendant's proffers on the nature and scope of their testimony under the Court's prior rulings, as set forth above (i.e., the Court's rulings (doc. nos. 193 and 591) denying defendant's two (2) Motions to Suppress (doc. nos. 55 and 509); rulings (doc. no. 264 and 557) denying defendant's two (2) Motions to Dismiss (doc. nos. 180 and 540); the Court's rulings on the admissibility of evidence (doc. no. 593); and rulings on motions in limine (doc. no. 594); and also the Court's rulings regarding the scope of the supplemental suppression hearing (doc. no. 537)).

## 2. Preliminary Jury Instructions

Defendant seeks the following Order of Court, adding to the Court's Preliminary Jury Instructions, relating to "Dr. Wecht's legal right to engage in other compensated employment" and "de minimis economic impact":

It is FURTHER ORDERED that the Court will include in its preliminary charge to the jury the Defendant's instruction on his right to engage in other copensation and the instruction on the "de minimis impact" exception contained in Pennsylvania's State Ethics Code as these instructions are set forth in Defendant's Brief in Support of Defendant's Motion for Clarification and/or Modification of Trial Procedures and Scope of Exhibit and In Limine Rulings.

Defendant's requested preliminary jury instructions are as follows (see doc. no. 605 at 22):

### a. Other Compensation

In order to assist you in evaluating the evidence you will hear, I instruct you that the law governing Dr. Wecht, as an elected official, provided that he was to work at least 35 hours a week in his capacity as Coroner but also expressly provided that he was not precluded from engaging in other compensated employment. The Indictment against Dr. Wecht does not allege that he failed to work 35 hours a week as Coroner.

### b. De Minimis Impact

Counts 1-24 of the Indictment charge Dr. Wecht with the use of the Allegheny County Coroners Office facsimile machine to transmit certain documents to third parties in connection with his private consulting business. Counts 25-32 of the Indictment charge Dr. Wecht with mailing microscopic slides to third parties in connection with his private consultation business. Although I will charge you more fully on the totality of the government's burden of proof with respect to these and other charges at the conclusion of the trial, I now instruct you that the Government has the burden of proving, beyond a reasonable doubt, that each facsimile transmission contained in Counts 1-24 and each mailing contained in Counts 25-32 had an economic impact or consequence to Allegheny County which was not insignificant or de minimis. An action having an economic consequence which is insignificant is not a prohibited conflict of interest.

Said requests are GRANTED as to the "other compensation" instruction, and DENIED as to the "de minimis economic impact" instruction, for the reasons set forth in this Court's "Order of Court Re: Jury Selection, Voir Dire and Other Pretrial Issues (Doc. Nos. 598, 599, 604, and 607)," which also will be filed this day.

### 3. Defendant's Trial Exhibits D-136 through D-140

Defendant seeks the immediate admission of Defendant's Trial Exhibits D-136 through

D-140, despite the statement in "Court's Rulings on Government's Objections to Defendant's Previously Offered Trial Exhibits etc." (doc. no. 593 at 2), that the admission thereof was "subject to the production of all of the related Carlow attorney/client documents." Whether this requirement has been satisfied remains in dispute between the parties, and thus said request is DENIED.

### 4. Preservation of Objections

Defendant seeks the following Order of Court (see doc. no. 604-5):

> The Defendant's previous objections to Government exhibits are preserved and need not be reasserted at trial. It is FURTHER ORDERED that the Court will provide the preliminary charge submitted, as well as the instruction when the Government offers a previously objected to exhibit set forth in Defendant's Brief in Support of Defendant's Motion for Clarification and/or Modification of Trial Procedures and Scope of Exhibit and In Limine Rulings.

Again, defense counsel seeks legal advice and trial tactic/procedural advice from this Court, and the Court declines to do so. As stated again, there is sufficient trial expertise in their firm to confirm how to preserve objections for appellate purposes.

The instruction (see doc. no. 605 at 14) which defendant seeks to be added to the Court's preliminary jury instructions are as follows:

> During the course of the trial, the Government may offer exhibits such as documents or things into evidence. The Court has decided prior to the trial whether those exhibits are admissible or not. Therefore, counsel for the Defendant may not object to a Government exhibit when offered. You are not to infer that defense counsel does not object.

Said request will be GRANTED, although the instruction will be modified.

Defendant further requests that "each time the Government offers an exhibit to which the Defendant has previously objected," the Court instructs the jury that the Defendant has objected to that exhibit, and it was admitted over his objection. The Defendant proposes the following:

> The exhibit offered by the Government, Government Exhibit __ is offered over the objection of the Defendant. The court has previously ruled that the exhibit is admissible."

Doc. no. 605 at 15.

Because defendant objects to approximately 1430 of the government's 1461 trial exhibits, reading said instruction "each time the government offers an exhibit to which Defendant has previously objected" would probably add days to the trial by needless repetition; and said request is DENIED. The Court will add an additional instruction to its preliminary jury instructions as follows:

> During the course of the trial, the Government will offer many exhibits, such as documents or other items into evidence. The Court made rulings prior to the trial about objections to the exhibits and decided whether those exhibits would be admissible or not; the exhibits you will see were generally admitted before trial in this manner.
>
> Therefore, because of my pretrial procedure, counsel for the Defendant may not object to a Government exhibit when offered. You are not to infer that defense counsel does not object. Defendant objected to substantially all of the government's trial exhibits and the Court has overruled most of his objections. Since defendant will not be objecting to those government trial exhibits during the trial, because the Court has already admitted them into evidence, defendant wants you to be aware that he has objected to substantially all of the Government's trial exhibits.

The full text of the Court's Preliminary Jury Instruction is contained in today's "Order of Court Re: Jury Selection, Voir Dire, and Other Pretrial Issues (Doc. Nos. 598, 599, 604, and 607)."

### IV. Defendant's Motion for Reconsideration of Supplemental Motion to Suppress (doc. no. 602)

A motion for reconsideration may only be used to "correct manifest errors of law or fact or to present newly discovered evidence." Leon v. United States, 2007 WL 1521203, *1 (M.D.Pa. 2007), citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677

(3rd Cir. 1999), and Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  After careful consideration of defendant's motion for reconsideration and brief in support, the government's response and brief in support, and defendant's surreply brief, the Court will deny the motion for reconsideration as it raises no new points of fact or law that the Court has not previously considered and adequately dealt with at length, nor has he raised any colorable error of law or fact, let alone a manifest error.

**SO ORDERED** this 21st day of December, 2007.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record