IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| **CYRIL H. WECHT** | ) | |

## ORDER OF COURT REGARDING DEFENDANT'S
## NOTICE OF ISSUES/ OBJECTIONS (DOC. NO. 657)

After careful consideration of Defendant's Notice of Issues/ Objections (doc. no. 657) to this Court's Order of Court Re: Jury Selection, Voir Dire, and Other Pretrial Issues (See Doc. Nos. 598, 599, 604, and 607) (doc. no. 629), the government's response thereto (doc. no. 663), and defendant's reply to the government's response (doc. no. 668), the Court will sustain certain of defendant's objections and overrule others, as set forth below.

### A. Objections to Preliminary Charges

### 1. In General

Initially, defendant states that the Court's preliminary jury instructions set forth in its Order of Court Re: Jury Selection, Voir Dire, and Other Pretrial Issues (See Doc. Nos. 598, 599, 604, and 607) (doc. no. 629) were "all developed without any conference or discussion with the parties. The defense was not given an opportunity to discuss these charges with the Court or to place objections on the record in order to preserve the points for appellate review, should that be necessary." Notice of Issues/ Objections (doc. no. 657), at 1.

First, it is inaccurate and misleading for defendant to suggest that the preliminary jury instructions "were all developed" without input from the parties. Quite to the contrary, as defendant knows, the Court's instructions on presumption of innocence, defendant's legal right to earn "other compensation," and the pretrial admission of government's exhibits (see next

section) were crafted at defendant's request.[1] Most of the preliminary jury instructions were adapted from the instructions adopted in October 2007 by the Third Circuit Committee on Model Criminal Jury Instructions, Chapter 1: Preliminary Instructions Before Opening Statements.

Second, defendant's Notice of Issues/ Objections (doc. no. 657) obviously "place objections on the record in order to preserve the points for appellate review, should that be necessary." Defendant appears to suggest, from this and other filings, that he must be given the opportunity to place objections verbally on the record in open court, as opposed to in the written submissions the Court considered in drafting said preliminary jury instructions, <u>prior</u> to this Court's submitting those instructions to counsel for comments and objections. The Court is confident that defendant's Notice of Issues/ Objections (doc. no. 657) place his Issues/ Objections on the record for appellate review (should that be necessary), but if counsel believes more is needed, defendant (and the government) may file appropriate objections in writing to this Order entered today on or before January 21, 2008 at noon.

---

[1] The Order of Court Re: Jury Selection, Voir Dire, and Other Pretrial Issues (See Doc. Nos. 598, 599, 604, and 607) (doc. no. 629) states, at p. 45, in relevant part:

> In response to defendant's requests for preliminary jury instructions relating to (1) the existence of 84 counts in the Indictment and the presumption of innocence (see voir dire request of defendant - doc. no. 598, request nos. 19, 20, and 21); and (2) the numerous objections by defendant to practically every trial exhibit proffered by the government (approximately 1433 out of 1461 exhibits), that the Court overruled most of those objections in the pre-trial process, and that the defendant wishes the jury to know of defendant's continued objection thereof, without objecting at trial each time said exhibit(s) are discussed or referenced by a witness, and the request relating to "other compensation," the Court has made the following modifications to its standard preliminary jury instructions which are marked by underlining below. The requests relating to a "de minimis economic impact" instruction in the Preliminary Instructions is DENIED. See Order of Court Re: Defendant's Motion (doc. no. 604) for Clarification and/or Modification, filed today.

## 2. Instruction on Pretrial Admission of Government's Exhibits

Defendant previously requested the Court to instruct the jury prior to opening statements as follows:

> During the course of the trial, the Government may offer exhibits such as documents or things into evidence. The Court has decided prior to the trial whether those exhibits are admissible or not. Therefore, counsel for the Defendant may not object to a Government exhibit when offered. You are not to infer that defense counsel does not object.

Defendant's Brief in Support of Motion for Clarification and/or Modification of Trial Procedures and Scope of Exhibit and In Limine Rulings (doc. no. 605), at 14.

In addition to this preliminary jury instruction, defendant also requested "that each time the Government offers an exhibit to which the Defendant has previously objected, that the Court instructs the jury that the Defendant has objected to that exhibit, and it was admitted over his objection." Id.

The Court's ruling on these requests was as follows:

> [T]he Court will also grant defendant's request and include a *preliminary* instruction about the Court's pretrial procedure for admitting or precluding exhibits and ruling on objections to exhibits in advance of trial, and will inform the jury that defendant has objected to substantially all of the government's exhibits, and that the Court overruled most of those objections in that pretrial procedure. However, the Court will not grant defendant's request to repeat such an instruction during trial every time the government introduces one of its exhibits. Such a rote and tedious procedure is unnecessary in light of the preliminary instruction, and would further delay an already lengthy trial through repetition of a preliminary instruction that is neither complicated nor difficult to remember.

Order of Court Re: Jury Selection, Voir Dire, and Other Pretrial Issues (See Doc. Nos. 598, 599, 604, and 607) (doc. no. 629) at 46.

Accordingly, the Court granted, but modified, defendant's proposed preliminary jury

3

instruction in a manner <u>consistent with his request</u> that the Court instruct the jury, with each government exhibit to which he objected, that he objected to that exhibit and that it was admitted over his objection. Because defendant objected to about 98% of the government's exhibits, his requested trial instruction would have applied to <u>almost all</u> of the government's exhibits, and the jury would have learned that defendant objected to substantially all of the government's exhibits and that substantially all of his objections had been overruled. Thus, the Court crafted the following preliminary instruction:

> During the course of the trial, the Government will offer many exhibits, such as documents or other items into evidence. The Court made rulings prior to the trial about objections to the exhibits and decided whether those exhibits would be admissible or not; the exhibits you will see were generally admitted before trial in this manner.
>
> Therefore, because of my pretrial procedure, counsel for the Defendant may not object to a Government exhibit when offered. You are not to infer that defense counsel does not object. <u>Defendant objected to substantially all of the government's trial exhibits and the Court has overruled most of his objections. Since defendant will not be objecting to those government trial exhibits during the trial, because the Court has already admitted them into evidence, defendant wants you to be aware that he has objected to substantially all of the Government's trial exhibits.</u>

Order of Court Re: . . . Defendant's Motion for Clarification And/Or Modification of Trial Procedures . . ., etc. (doc. no. 632) at 12 (emphasis added).

Defendant objects to the underscored portion of the Court's modified preliminary jury instruction as "unfairly prejudicial and pejorative" and to the words "substantially all" as misleading, and he requests the Court to revert to his proposed instruction or, alternatively, to delete the underscored portion of the instruction. Defendant also renews his request for a contemporaneous instruction with every exhibit the government offers to which he had objected.

The Court reaffirms that it will not repeat an instruction relating to pretrial admission of documents during trial every time the government introduces one of its exhibits, for the reasons stated above. Moreover, the Court does not agree that the modified preliminary jury instruction is prejudicial or pejorative. It is, rather, a completely accurate and fair instruction that merely states what would have been obvious to the jury had the Court agreed to defendant's request to instruct the jury <u>every time</u> the government offered an exhibit to which he had objected, which was <u>almost all</u> of them.

Nevertheless, although defendant initially requested preliminary and trial instructions which would have had informed the jury that defendant had objected to almost all of the government's exhibits and that almost all of his objections had been overruled, he no longer wants such an instruction as part of the preliminary jury instructions. Because this preliminary jury instruction was crafted in response to - and consistent with - defendant's initial request and he is now withdrawing that request, the Court will grant his current request, in the alternative, to eliminate the underscored language from the instruction. The Court therefore SUSTAINS in part and OVERRULES in part this objection to the preliminary jury instructions.[2]

### 3. Mail Fraud/ Wire Fraud Elements of the Offense (Doc. No. 629), p. 60

Defendant objects to the Court's giving an incomplete and inaccurate preliminary jury instruction as to the elements of the offenses with which he is charged, and requests the Court to give complete instructions and explanations on all of the elements of the mail and wire fraud offenses. Some background is necessary to address this objection.

---

[2] In light of this ruling, defendant's alternative "Objection Language" suggested in Defendant's Reply to the Government's Response (doc. no. 668) at 5 is moot.

Counsel were unable, after several attempts over a period of several months (see various Joint Proposed Jury Instructions at docs. no. 233, filed on June 15, 2006, and 371 and 372, filed on August 18 and 21, 2006, respectively), to come to agreement on any but a handful of the instructions as to the elements of the offenses or relevant defenses in their joint unified proposed jury instructions, and were not at all helpful to the Court in the process of drafting final jury instructions. Thus, this Court is still in the process of refining and drafting its final jury instructions which, as previously stated, will be given to counsel at the close of the government's case in chief, Minute Entry (doc. no. 446) at ¶ 3, leaving more than adequate time for counsel to proffer alternative instructions and/or place any objections on the record at a final charging conference and/or in writing, as is this Court's customary practice.

For this reason, it is not possible at this time to give the entire complete final jury instructions as part of the preliminary jury instructions before opening statements. With more cooperation amongst counsel, that might have been possible, but as things stand now, it is not and the time to do so has passed.

For purposes of the preliminary instructions to the jury, this Court followed the guidance of the Third Circuit Committee on Model Criminal Jury Instructions, and crafted preliminary instructions which included a "brief outline" of the essential elements of the offenses charged "to assist the jurors in understanding the evidence as it is presented and also in understanding the judge's final instructions explaining the elements in more detail." See Committee's Comments to Model Criminal Jury Instruction § 1.12. Thus, the Court included only the following brief instructions on simple mail and wire fraud, without further elaboration on the various terms and specific elements:

## Mail Fraud – Elements of the Offense

The indictment charges the defendant with simple mail fraud, and "theft of honest services" mail fraud, in violation of title 18 United States Code section 1341 and section 2.

In order to find the defendant guilty of these offenses, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That defendant knowingly devised a scheme to defraud or to obtain money or property, or the intangible right of honest services, by materially false or fraudulent pretenses, representations or promises, or that he wilfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That defendant acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, defendant used the mails or caused the mails to be used.

## Wire Fraud – Elements of the Offense

The indictment also charges Dr. Wecht with simple wire fraud and "theft of honest services" wire fraud, in violation of title 18 United States Code section 1343 and section 2. The elements of wire fraud are similar to the elements of mail fraud.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That Dr. Wecht devised a scheme to defraud or to obtain money or property, or the intangible right of honest services, by materially false or fraudulent pretenses, representations or promises or wilfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That he acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Order of Court Re: Jury Selection, Voir Dire, and Other Pretrial Issues (See Doc. Nos. 598, 599, 604, and 607) (doc. no. 629) at 60-61.

Both the mail and wire fraud instructions inform the jury that the scheme to defraud must involve "materially false or fraudulent pretenses, representations or promises," so to that extent, the "materiality" element is a part of the fraud instructions. Defendant is not satisfied that this instruction adequately conveys the <u>Neder</u> materiality concept, see <u>Neder v. United States</u>, 527 U.S. 1 (1999), and that the jury should be fully informed about this important element prior to commencement of trial.[3]

This Court continues to find it appropriate, under all of the circumstances,[4] to give the jury a "brief outline" of the elements of the offenses charged, as does the Third Circuit Committee on Model Criminal Jury Instructions. Nevertheless, the Court appreciates defendant's concerns and, out of an abundance of caution, will grant defendant's request to give an additional preliminary jury instruction on "materiality" and on how that fits into the elements of mail and wire fraud, as adapted from Model Criminal Jury Instruction, § 6.18.1341-1.

Therefore, the Court will add the following language to the preliminary jury instruction: "Now, I just used the phrase 'materially false or fraudulent pretenses, representations or

---

[3] This Court previously advised the held that "that materiality, as defined by <u>Neder v. United States</u>, 527 U.S. 1 (1999), is an element of honest services fraud under 18 U.S.C. §§ 1341, 1343 and 1346. The Court's specific instructions on this element of honest services fraud will be set forth in its Final Jury Instructions and a schedule for filing written objections and a final charging conference addressed to those objections will be set by separate Order of Court." Order of Court Granting Defendant's Motion for Reconsideration of the Order of Court at Doc. No. 374 (doc. no. 430) at 3.

[4] Including the failure of the parties to come to any substantial agreement on the substantive charges.

promises.' A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the pretense, representation or promise in making a decision."

In accordance with the foregoing, the Court SUSTAINS in part and OVERRULES in part defendant's objections that the preliminary jury instructions as to simple mail and wire fraud are incomplete and inaccurate.

**4. Mail and Wire Fraud - Protected Interests: Honest Services (Doc. No. 629), p. 61**

Defendant also objects to this Court's separate preliminary jury instruction on the honest services variety of mail and wire fraud. Said instruction is as follows:

**Mail and Wire Fraud – Protected Interests: Honest Services**

> A public official or employee owes a duty of honest, faithful and disinterested service to the public and to the government that he serves. The public relies on officials of the government to act for the public interest, not for their own enrichment. A government official who misuses his public position for self-enrichment breaches the duty of honest service owed to the public and the government. Thus, the public is not receiving the public official's honest and faithful service to which it is entitled.
>
> In a prosecution of a local public official in Allegheny County, Pennsylvania, the official also owes a duty to refrain from conflicts of interest and to make financial disclosures as defined and required by the Allegheny County Code and Pennsylvania ethics laws.
>
> For example, in Pennsylvania and Allegheny County, a public official cannot conceal from the public a conflict of interest that results in personal gain. If you find that the defendant engaged in undisclosed or biased decision-making for personal gain, that constitutes a deprivation of honest services even if the public suffered no tangible harm. Active fraud or deceit is not necessary. The intentional violation of the duty to disclose material information provides the requisite deceit.
>
> Accordingly, if a public official engages in a conflict of interests that is prohibited by county and state ethics laws or fails to disclose material information

> regarding a conflict of interest and benefits financially, then that official has deprived the public of its right to his honest services.
>
> If you find beyond a reasonable doubt that Dr. Wecht has violated the duty to provide honest services as defined here and as I will more fully explain to you after the trial, alone or with the help of others, then you may find the first element of the particular mail and wire fraud counts satisfied.

Order of Court Re: Jury Selection, Voir Dire, and Other Pretrial Issues (See Doc. Nos. 598, 599, 604, and 607) (doc. no. 629) at 61-62.

Defendant argues that the Court's instruction, which is patterned after the Third Circuit Committee on Model Criminal Jury Instructions, § 6.18.1341-3, Mail or Wire Fraud – Protected Interests: Honest Services, is incomplete because it does not state all of the "state law predicates" regarding conflicts of interests, and is inaccurate because it takes certain language out of context.

The Court OVERRULES defendant's objection that the instruction is incomplete, for the reasons stated above. The preliminary jury instruction is intended to be, as recommended by the Third Circuit Committee on Model Criminal Jury Instructions, a brief outline of the elements of the offenses, with greater detail supplied in the final jury charge. The so-called "state law predicates" and the "de minimis" instruction will be included in the final jury instructions, which have not been finalized, but these instructions are unnecessary and out of place at this stage of the trial. See Order of Court Re: Jury Selection, Voir Dire, and Other Pretrial Issues (See Doc. Nos. 598, 599, 604, and 607) (doc. no. 629) at 45-48.

However, the Court agrees with defendant that the portion of said instruction about active fraud or deceit (i.e., "Active fraud or deceit is not necessary. The intentional violation of the duty to disclose material information provides the requisite deceit.") may have been taken out of context, and may not be appropriate under the facts and theory of this case. Accordingly, the

Court SUSTAINS defendant's objection in this regard and will eliminate this phrase from the preliminary jury instructions.

The Court also agrees with defendant that the length of this particular instruction, when contrasted with the briefer outline of the offenses of simple mail and wire fraud and theft of funds from an entity receiving federal funds, inadvertently may place undue emphasis on this form of mail and wire fraud. The Court deems it appropriate to give a brief explanation of the "the intangible right of honest services," which is not a common term with which a lay person would be expected to be familiar, but that a considerably shorter instruction, taken from the Model Criminal Jury Instructions, will suffice for purposes of the preliminary instructions.

The Court will, therefore, replace the challenged instruction with the following:

### **Mail and Wire Fraud – Protected Interests: Honest Services; Materiality**

As I stated, the first element of mail and wire fraud requires that the defendant "knowingly devised a scheme to defraud or to obtain money or property, or the intangible right of honest services, by materially false or fraudulent pretenses, representations or promises, or wilfully participated in such a scheme with knowledge of its fraudulent nature." I will summarize what is meant by the terms "the intangible right of honest services" and by "materially false or fraudulent pretenses, representations or promises."

### **Intangible Right of Honest Services**

A public official or employee owes a duty of honest, faithful and disinterested service to the public and to the government that he serves. The public relies on officials of the government to act for the public interest, not for their own enrichment. A government official who misuses his public position for self-enrichment breaches the duty of honest service owed to the public and the government. Thus, the public is not receiving the public official's honest and faithful service to which it is entitled. A scheme to defraud the public of its intangible right to honest services would satisfy this element of mail and wire fraud if proven by the government beyond a reasonable doubt.

### Materially False or Fraudulent Pretenses, Representations or Promises

Now, I also just used the phrase "materially false or fraudulent pretenses, representations or promises." A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the pretense, representation or promise in making a decision.

### 5. Theft Concerning a Public Entity Receiving Federal Funds

Defendant also objects to the Court's preliminary jury instruction regarding theft from a public entity receiving federal funds, 18 U.S.C. § 666, which states as follows:

### Theft Concerning a Public Entity Receiving Federal Funds

Counts 80 through 84 of the indictment[5] charge Dr. Wecht with theft concerning an organization receiving public funds, in violation of title 18 United States Code section 666. In order to prove these charges, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant was an agent of Allegheny County;

Second, that during each of the time periods alleged in counts 80 through 84, the defendant embezzled, stole, obtained by fraud, converted to the use of another without authority, or intentionally misapplied property of a value of $5,000 or more as part of a single scheme or plan;

Third, that the property was owned by, or was under the care, custody, or control of Allegheny County; and

Fourth, that Allegheny County received benefits in excess of $10,000 in each of the one-year periods alleged in counts 80 through 84, pursuant to a federal program involving a grant, contract, subsidy, loan, guarantee, insurance or other form of federal assistance.

Order of Court Re: Jury Selection, Voir Dire, and Other Pretrial Issues (See Doc. Nos. 598, 599, 604, and 607) (doc. no. 629), at 62.

Defendant first objects that "no citation for the instruction is given." Defendant's Brief in

---

[5] Obviously, with the filing of the redacted indictment (doc. no. 656), the numbers of the counts in the preliminary jury instructions must and will be changed.

Support of Motion for Clarification and/or Modification of Trial Procedures and Scope of Exhibit and In Limine Rulings (doc. no. 605), at 5. This objection is OVERRULED because this instruction is an accurate statement of the law and was taken <u>verbatim</u> from one of the few substantive instructions to which counsel had agreed. See Notice of Filing Revised Joint Proposed Jury Instructions (doc. no. 371-1 at 25 and 371-2 at 30) and Second Notice of Filing Revised Joint Proposed Jury Instructions (doc. no. 372-2 at 51-52).

Defendant also objects that the "real issue here" is with the government's "expansive definition of what constitutes "property,'" and submits that only "tangible property" qualifies, and not "anything of value such as employee services." The Court OVERRULES this objection to the preliminary jury instructions for two reasons. First, this Court explicitly held that theft of "property" includes theft of "employee services," and moreover, the government "alleges theft of other things, namely, vehicles, facilities, resources, equipment, and space of the ACCO, all of which are commonly considered to be property." Memorandum Opinion and Order of Court Denying Motion to Dismiss (Doc. No. 180) (doc. no. 246), at 25.

Second, as with the <u>preliminary</u> jury instructions regarding mail and wire fraud, the <u>preliminary</u> jury instruction on theft concerning an organization receiving federal funds is not intended to be comprehensive and does not purport to instruct the jury completely on the definitions of various elements of this offense. This preliminary jury instruction is, rather, as the jury will be instructed, "only a preliminary outline of the elements of the offenses charged" and more detailed instructions on the elements of the offenses charged and on other matters of law will be rendered at the conclusion of the trial. Among those more detailed instructions will be the definition of "property" in accordance with the law.

### 6. Presumption of Innocence; Burden of Proof; Reasonable Doubt (Doc. No. 629, pp. 63-64)

The Court will SUSTAIN defendant's objection to the portion of the preliminary jury instructions informing the jury that the presumption of innocence means the defendant has no burden or obligation to present any evidence at all or prove that he is not guilty, "although in this case, Dr. Wecht will present a defense to all of the charges." Order of Court Re: Jury Selection, Voir Dire, and Other Pretrial Issues (See Doc. Nos. 598, 599, 604, and 607) (doc. no. 629), at 63. Given the defendant's vigorous defense of this case to date, the Court was of the opinion that he would prefer the jury to be advised that he intended to present a defense to all of the charges. However, since defendant prefers that this part of the preliminary jury instruction be omitted, the Court will delete "although in this case, Dr. Wecht will present a defense to all of the charges" from the preliminary jury instructions.

### 7. Objections

Defendant objects to having two instructions dealing with objections, and suggests that they be "blended together and modified so as not to be confusing to the jury." Defendant does not offer an alternative "blended" instruction. The Court OVERRULES this objection to the preliminary jury instructions, and finds it appropriate to keep the more specific "pretrial admission of exhibits over objections" instruction separate from the general "objections of counsel are not evidence" instruction.

## B. Miscellaneous Matters

### 1. Clarification of Trial Subpoena Duces Tecum Issue

In this Court's Order of Court Re: Government's Motion to Quash (Doc. No. 600) . . . etc. (doc. no. 632), at 7, the Court granted the government's motion to quash defendant's improper pretrial subpoenas, and as part of the Order, stated:

> (3) All subpoenas duces tecum issued by defendant that purport to require production of any materials to any location other than the Courtroom, and other than to both the government and defendant, are hereby quashed.

Defendant "believes that Rule 17 permits him to issue trial subpoenas duces tecum commanding the production of documents on January 28, 2008, at 9:00 a.m., in your Courtroom, but to him and him alone." Defendant's Brief in Support of Motion for Clarification and/or Modification of Trial Procedures and Scope of Exhibit and In Limine Rulings (doc. no. 605) at 8. Without citation to any authority, defendant argues that the Sixth Amendment (presumably the right to compulsory process) prevents the government from being able to examine documents produced in court pursuant to his subpoenas duces tecum until Dr. Wecht, after consultation with counsel, decides which of the documents he intends to use for trial, moves for their admission and obtains a ruling from the Court. Id.

The language of Rule 17 does not support defendant's position. Fed.R. Crim. P. 17(c)(3) states, in general, that a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates" and that the Court "may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Rule 17(c)(3) further provides that "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." This phrase is somewhat ambiguous.

"When the items arrive, the court may permit the parties and their attorneys to inspect all or part of" the subpoenaed documents seems to give the court discretion to permit both parties and their counsel to inspect them after arrival. On the other hand, the phrase does not say the Court must permit both parties to inspect the documents when they arrive. However, the Court would have to inspect the documents in camera in order to decide how to exercise its discretion and to make preliminary rulings as to the admissibility of such documents.

Rule 17 does not provide an unlimited right of discovery, and may not be used to facilitate a fishing expedition. Rather, a subpoena duces tecum may only be issued if the documents sought are evidentiarily relevant, likely to be admissible, and if the request is specific. See United States v. Nixon, 418 U.S. 683, 699-700 (1974); Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951). Decisions regarding the quashing or modification of Rule 17 subpoenas are committed to the district court's discretion. United States v. Cuthberston, 630 F.2d 139, 145 (3d Cir. 1980), citing Nixon, 418 U.S. at 702.

As the United States Court of Appeals for the Third Circuit stated in the Cuthbertson case:

> In Bowman Dairy Co. v. United States, . . . the Supreme Court identified the scope of material that is subject to subpoena under the rule. The Court stated that the rule was not intended to provide a means of discovery in addition to that provided by Fed.R.Crim.P. 16. However, it held that "any document or other materials, admissible as evidence" is subject to subpoena under the rule. . . . Thus, rule 17(c) is designed as an aid for obtaining relevant evidentiary material that the moving party may use at trial. See, e.g., United States v. Malizia, 154 F.Supp. 511, 513 (S.D.N.Y. 1957). The test for enforcement is whether the subpoena constitutes a good faith effort to obtain identified evidence rather than a general "fishing expedition" that attempts to use the rule as a discovery device. See Bowman Dairy Co. v. United States, . . . .

630 F.2d at 144 (certain citations omitted).

16

Because a Rule 17 subpoena reaches only evidentiary materials, "naked exculpatory material held by third parties that does not rise to the dignity of admissible evidence simply is not within the rule." United States v. Cuthbertson, 651 F.2d 189, 195 (3d Cir. 1981) (appeal following remand).

Based upon the foregoing, it is within the Court's discretion and within the language and meaning of Rule 17 to permit both parties to inspect and review documents produced for trial pursuant to a subpoena duces tecum, and defendant has offered no authority to the contrary. The Court will thereafter make any necessary rulings on proffers with regard to such documents. Accordingly, the Court will OVERRULE defendant's objection/ motion for reconsideration.

### 2. Carlow Trial Exhibits

Defendant seeks clarification as to the Court's previous rulings with regard to the Carlow University Exhibits because he professes to be uncertain whether the Court's order "is placing an additional burden on the Defendant prior to the Court admitting these otherwise admissible, highly-relevant documents." Defendant's Brief in Support of Motion for Clarification and/or Modification of Trial Procedures and Scope of Exhibit and In Limine Rulings (doc. no. 605) at 8-9. The Court previously held that the admission of Defendant's Trial Exhibits D-136 through D-140 are subject to the production of all of the related Carlow attorney/client documents, and will be dealt with at the appropriate time during trial when defendant proffers said exhibits.

The Court agrees with the government that defendant offers no reasons to reconsider this ruling again. Accordingly, defendant's objection/ motion to reconsider is OVERRULED.

### 3. Proffers

Defendant's final request is for a conference to require the government to file proffers on

all of its witnesses before opening statements. This objection/ motion is OVERRULED. It is far too late in the day to require such production, and defendant has offered no legal authority to support his request.

### 4. Parties' Proposed Neutral Statement of the Indictment and Brief Statement of the Defense

The Court inadvertently omitted from the preliminary jury instructions the Parties' Proposed Neutral Statement of the Indictment and Brief Statement of the Defense (doc. no. 236) submitted on June 15, 2006, in anticipation of the October 2006 trial. The Court will add that neutral statement (with count numbers changed to reflect the revised indictment) to its preliminary jury instructions immediately preceding the explanation of the elements of the offenses, and in an appropriate place in its voir dire colloquy.

### RULINGS

The Court's Rulings on defendants' objections and motions for reconsideration are set forth above. Revised preliminary jury instructions will be filed by separate document in conformity with the above rulings.

        **SO ORDERED** this 17th day of January, 2008.

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc:    All counsel of record