IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Criminal No. 06-0026** |
| | **)** | **Electronically Filed** |
| **CYRIL H. WECHT** | **)** | |

### ORDER OF COURT REGARDING DEFENDANT'S NOTICE OF OBJECTIONS/ COMMENTS (DOC. NO. 676) TO RECENT COURT ORDER, PRELIMINARY JURY INSTRUCTIONS, AND FINAL JURY SELECTION AND VOIR DIRE PROCEDURE (DOCS. NO. 671, 672 AND 673, RESPECTIVELY)

Before the Court are the defendant's "Notice of Objections/ Comments to Revised Preliminary Jury Instructions (Doc. 672); Final Jury Selection and Voir Dire Procedure (Doc. 673); and Order Regarding Notice of Issues/Objections (Doc. 671)" (doc. no. 676), and the government's Notice ("Government's Request to Delete, or Alternatively to Add Language to, Proposed Preliminary Materiality Instruction") (doc. no. 677).  The Court finds that it is not necessary to order responses to these Notices, and will make the following rulings.

### Preliminary Jury Instructions Regarding Materiality

Defendant and the government each object to the Court's preliminary jury instruction as to materiality in the instructions on mail and wire fraud.  Both parties request this Court to inform the jury that an element of mail and wire fraud  includes concealment of a material fact, although they suggest different, but similar, language to convey this principle.  The Court agrees that the Revised Preliminary Jury Instructions (doc. no. 672) should have included language about omissions or concealment of material facts, and will substitute the following preliminary jury instructions, with additions underscored, for the corresponding instructions at pp. 17-19 of the Revised Preliminary Jury Instructions (doc. no. 672):

## Mail Fraud – Elements of the Offense

The indictment charges the defendant with simple mail fraud, and "theft of honest services" mail fraud, in violation of title 18 United States Code section 1341 and section 2.

In order to find the defendant guilty of these offenses, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That defendant knowingly devised a scheme to defraud or to obtain money or property, or the intangible right of honest services, by materially false or fraudulent pretenses, representations or promises, or by omissions or concealment of material facts, or that he wilfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That defendant acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, defendant used the mails or caused the mails to be used.

## Wire Fraud – Elements of the Offense

The indictment also charges Dr. Wecht with simple wire fraud and "theft of honest services" wire fraud, in violation of title 18 United States Code section 1343 and section 2. The elements of wire fraud are similar to the elements of mail fraud.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That Dr. Wecht devised a scheme to defraud or to obtain money or property, or the intangible right of honest services, by materially false or fraudulent pretenses, representations or promises, or by omissions or concealment of material facts, or wilfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That he acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

## Mail and Wire Fraud – Protected Interests: Honest Services; Materiality

As I stated, the first element of mail and wire fraud requires that the defendant "knowingly devised a scheme to defraud or to obtain money or property, or the intangible right of honest services, by materially false or

fraudulent pretenses, representations or promises, <u>or by omissions or concealment</u> <u>of material facts,</u> or wilfully participated in such a scheme with knowledge of its fraudulent nature." I will summarize what is meant by the terms "the intangible right of honest services" and by "materially false or fraudulent pretenses, representations or promises, <u>or by omissions or concealment of material facts</u>."

## Intangible Right of Honest Services

A public official or employee owes a duty of honest, faithful and disinterested service to the public and to the government that he serves. The public relies on officials of the government to act for the public interest, not for their own enrichment. A government official who misuses his public position for self-enrichment breaches the duty of honest service owed to the public and the government. Thus, the public is not receiving the public official's honest and faithful service to which it is entitled. A scheme to defraud the public of its intangible right to honest services would satisfy this element of mail and wire fraud if proven by the government beyond a reasonable doubt.

## Materially False or Fraudulent Pretenses, Representations or Promises

Now, I also just used the phrase "materially false or fraudulent pretenses, representations or promises, <u>or by omissions or concealment of material facts</u>." A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the pretense, representation or promise, <u>or upon the omission or concealment</u>, in making a decision.

Defendant also insists that <u>Neder</u> materiality (<u>Neder v. United States</u>, 527 U.S. 1 (1999)) must be charged as a fourth, separate and distinct element of mail and wire fraud. <u>Neder</u> certainly held that materiality is an "element" of mail and wire fraud, but did not hold that materiality must be charged as a fourth, separate and distinct element. That is not how this Court interprets <u>Neder</u>, nor is it how the Third Circuit Committee on Model Criminal Jury Instructions interprets <u>Neder</u> or recommends the jury be charged on materiality. See Model Criminal Jury Instructions, § 6.18.1341-1, and Commentary.

The Revised Preliminary Jury Instructions, as modified, adequately cover <u>Neder</u>

materiality for purposes of giving the jury a brief <u>preliminary</u> outline of the elements of mail and wire fraud which will, as previously stated, be elaborated upon in the final jury instructions.

## The Honest Services Charge

The Court will not further revise the "intangible right of honest services" instruction, for the reasons stated in this Court's Order (671) Regarding Defendant's Notice of Issues/ Objections (Doc. No. 657). Defendant cryptically, but pointedly, states that "it is not a proper judicial function for the Court to be devising the prosecutor's verbiage of the charges against Wecht" and further instructs the Court that "it is . . . not to become the drafter for the prosecution." Defendant's Notice of Objections/ Comments (doc. no. 676) at 2-3, and n. 1. Contrary to defendant's misconception, it is <u>precisely</u> the function of this Court to consider the instructions proposed by each party and then craft the instructions for the jury according to the Court's interpretation of the law, which is <u>precisely</u> what this Court has done.

If defendant remains of the belief that this Court has "devised the prosecutor's verbiage," his objection is on the record.[1]

## Proffers

Although the Court has requested the parties to docket motions for reconsideration as such for the record, defendant continues to drop "motions" into other pleadings, as with his "motion" to reconsider the Court's ruling on his proffers. For the reasons previously stated, the Court declines to reconsider this ruling. See December 21, 2007 Order of Court (doc. no. 632)

---

[1] The Court does not intend to revisit the preliminary jury instructions after they are revised pursuant to today's Order of Court. Any additional objections to the preliminary jury instructions shall be filed in writing, to preserve same for appellate review, on or before January 24, 2008.

Re: Government's Motion to Quash Order etc. at 7-9, and January 17, 2008 Order of Court (doc. no. 671) at 17-18.

## Description of Counts 33-36

Defendant objects to the following summary of Counts 33 through 36 of the revised indictment (formerly Counts 64, 71, 77 and 78):

> -- Counts 33 through 36 contain additional allegations of what is called mail fraud. These counts, or charges, also allege that the defendant engaged in a scheme to defraud to obtain money by means of false and fraudulent pretenses, representations and promises. The Indictment contains a number of specific allegations that detail how this fraud scheme took place, generally alleging that the defendant created or caused the creation and use of false documents in connection with his private autopsy and consulting work for a number of counties in Western Pennsylvania. The Indictment specifies, in each separate count, the use of the United States mail as a part of the execution of the alleged fraud scheme.

Revised Preliminary jury Instructions (doc. no. 672) at 15.

Specifically, defendant complains that this summary description of those counts is inaccurate, and he "respectfully note[s] that the Court's erroneous description of these charges is an example of why the Court should not devise the instructions for the prosecution." "Respectfully" or not, defendant's accusations are misguided and his "example" is a non-sequitur.

First, the Court suggests that defendant read paragraphs 53 through 60 of the Revised Indictment (doc. no. 656-2), which the summary paragraph set forth above certainly seems to describe.

Second, and more important, defendant criticizes the Court for "devising" the government's instructions when, in fact, it was defense counsel who, as the record before this

Court shows, worked jointly with the government to draft the Parties' Proposed Neutral

Statement of the Indictment and Brief Statement of the Defense (doc. no. 236) from which the

summary of Counts 33-36, which he now finds offensive, were taken verbatim. Compare (doc.

no. 236) at 4, with (doc. no. 672) at 15. The Parties' Proposed Neutral Statement of the

Indictment and Brief Statement of the Defense was filed on June 15, 2006, purporting to be the

joint filing of counsel for the government and for defendant, as was directed by the Court in its

Pretrial Order (doc. no. 42) instructing the parties, inter alia, to file joint stipulations on a number

of items, including the neutral summary of the indictment and the defense.  Defendant now

objects that this Court used verbatim the same language he helped draft or, at a minimum, that he

approved in June, 2006.  Obviously, this objection is without merit.

### Individual Questions on Voir Dire

First, defendant requests the Court's advice regarding proffers he has made regarding

certain witnesses "still on the defense witness list . . . ." Defendant's Notice of Objections/

Comments (doc. no. 676) at 6.   The Court is puzzled by this request, inasmuch as the defense

witness list does not include Ms. Buchanan, Mr. Zappala or Mr. Claus. See Defendant's Revised

Witness List (doc. no. 659).  Mr. Juliano and Mr. Steiner are on the revised witness list.  The

witness lists of the government and of the defendant are to be shown to the venire to determine if

there are any obvious conflicts, and the mere mention of a witness on that list is not tantamount

to a trial ruling as to the admissibility or scope of the listed witnesses' testimony.  To the extent

this is another "motion" to reconsider the Court's prior rulings as to Ms. Buchanan, Mr. Zappala

and Mr. Claus, the Court denies that "motion."

The second argument is curious.  After vigorously arguing against an "anonymous" jury

selection process in the interests of "openness and transparency in all phases of the jury selection process" and of "[b]ringing light and accountability to each phase of the criminal trial," Defendant's Response to the Petition by WPXI, etc. (doc. no. 618) at 2, defendant now reverses course and requests this Court to conduct any and all "follow-up of jurors on the individual voir dire" at side-bar. Defendant's Notice of Objections/ Comments (doc. no. 676) at 7.

The Court will not cloak the public voir dire process in secrecy, as defendant now requests, but will continue to follow its usual practice or considering requests for side bars on a prospective juror by prospective juror basis.  If appropriate to protect a potential juror's privacy or prevent embarrassment, or for other legitimate reasons that counsel is free to posit in requesting that a particular prospective juror be questioned at side bar, the Court will not hesitate to do so.

### "Sequence of Preemptories" [sic]

Defendant submits his preferred sequence for counsel for the government and for defendant to exercise their peremptory challenges.  The Court directs counsel for the government and for defendant to discuss the sequence of peremptory challenges prior to the Final Pretrial Conference, and report to the Court at that time if agreement has been reached, and if not, each side may present its proposed sequence to the Court.

**SO ORDERED** this 22nd day of January, 2008.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record