IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 06-0026 |
| | ) | Electronically Filed |
| CYRIL H. WECHT. | ) | |

## ORDER OF COURT RE: DOC. NO. 687, "EMERGENCY REQUEST" BY MEDIA OUTLETS THAT THE JURY ADMINISTRATOR AND/OR THE COURT ISSUE A LIST OF JUROR NAMES, WITH PROSPECTIVE JUROR NUMBERS, FOR THE VENIRE AS A WHOLE

Currently pending before this Court is the "Emergency Request" by the media outlets for this Court to release the names of the 269 prospective jurors <u>ALONG WITH</u> the juror numbers. According to the media outlets, this Court, by not providing BOTH the names and the numbers of the potential jurors, has somehow violated the "letter and spirit of the mandate" of the United States Court of Appeals for the Third Circuit (doc. no. 687, at fn. 1). This Court finds the opposite to be true. After careful consideration of the Order of the United States Court of Appeals for the Third Circuit (see doc. no. 658), this Court finds that said motion is (1) untimely and (2) without merit. Accordingly, for the reasons set forth below, said motion (doc. no. 687) is DENIED.

**(1) The Media Outlets' Motion is Denied as Untimely**

To the extent the media outlets term said motion as an "Emergency," the Court finds this position to be disingenuous. All parties, including the media outlets, have been aware of this Court's implementation of the mandate (doc. no. 658) of the United States Court of Appeals for

the Third Circuit since the issuance of the Order of this Court dated January 9, 2008 (doc. no. 661) setting forth this Court's procedure for applying the mandate issued by the Court of Appeals earlier that same day, as follows:

> Pursuant to the Mandate of the Court of Appeals, IT IS HEREBY ORDERED that on or before January 17, 2008, the Jury Administrator shall prepare and electronically file a list of the names of those persons who received summons for this case and who have been excused by the Jury Administrator pursuant to this Court's July 14, 2006 Order of Court Regarding Jury Questionnaire and Procedure (doc. no. 295), at ¶¶ B.1-4, which was incorporated in this Court's Order of Court Re: Additional Jury Selection Procedures (doc. no. 595).
>
> IT IS FURTHER ORDERED that a list of the remaining "names of prospective jurors who participate in the jury selection prescribed by the District Court" and were not excused by the Jury Administrator, will be prepared and electronically filed by the Jury Administrator as soon as practicable following jury selection and "prior to the swearing and empaneling of that jury."

Doc. no. 661. In the above quoted Order, the Court explicitly stated that the entire list of the prospective jurors who were not previously excused by the jury administrator would be filed as soon as practicable following jury selection but prior to the swearing and empaneling of the jury and, that the list of persons who received summons but were excused by the jury administrator would be filed by January 17, 2008.

In short, the media outlets have known for approximately 13 days that this Court would provide a list of the juror names in the format set forth at doc. no. 661. In compliance with this Order of Court, the jury administrator disclosed the names of 131 jurors excused by the jury administrator at doc. no. 669, and disclosed the names of the remaining 269 jurors in the entire jury pool at doc. no. 684.

Yet, inexplicably, they waited until approximately 6:00 pm on January 24, 2008, after the

12 jurors and 6 alternate jurors had been seated and sworn on January 23, 2008, and only one business day before the commencement of trial, to object to this procedure. Simply put, if the media outlets had problems with the procedure this Court effectuated to give access to the juror names, the reasonable course would have been to raise those concerns on January 9, 2008 or soon thereafter. Failing to do that, this Court finds that the media outlets "Emergency" is no "Emergency" at all. Instead, it is an untimely request and one that would create an undue burden on this Court, including the Jury Administrator on the literal eve of trial. For these reasons, the motion is denied as untimely.[1]

**(2) The Media Outlets' Motion is Denied as Without Merit**

As the parties are well aware, in its comprehensive Order relating to the requests of the media and defendant to have the names of the potential jurors (doc. no. 629), this Court decided to empanel an innominate jury on the basis that the "local ambience", *United States v. Scarfo*, 850 F.3d 1015, 1023 (3d Cir. 1998), including that the intense and "unprecedented" media speculation warranted it, and after a finding that such a practice was consistent with the policy of the Board of Judges of this Court, the Administrative Office of the Courts, and the statutory codification of those policies that juror names not be made public "in any case where justice so requires." 28 U.S.C. § 1863(b)(7).

This Court, by its Order at doc. no. 629, ruled, *inter alia*, that the names of potential jurors would be disclosed only to the parties and that the answers to the questionnaires would be

---

[1] Previously, the media outlets waited over 16 months to raise objections to this Court's jury selection procedure (see Order of Court at doc. no. 629 at page 31).

made public at the conclusion of the trial.[2]

Upon appeal of several issues relating to this Court's rulings at doc. no. 629, by defendant as well as the media outlets, as rehearsed at doc. no. 661, the Court of Appeals expressly ruled that:

> To the extent that the District Court's Order restricts access of Media Intervenor-Appellants and defense counsel to the names of prospective jurors who participate in the selection process prescribed by the District Court, those provisions of the order are VACATED. We leave to the discretion of the District Court the method and timing of disclosure of juror and prospective juror's names, except that disclosure of those names shall be made prior to the swearing and empanelment of that jury.

Mandate (doc. no. 658), at 3. The Court of Appeals explicitly denied any other relief relating to "the conduct of voir dire before the District Court . . . ."[3]

Simply put, this Court has implemented the mandates of the Court of Appeals by setting forth and following a clear procedure for distributing the names of the potential jurors in a timely manner (see doc. nos. 661, 669 and 684), and that, quite frankly, the true motive of the media outlets (to do stories on the actual jurors) has now become clear. <u>To grant the motion of the media outlets to disclose the juror numbers would provide the media with the actual names of the 12 jurors and the actual names of the 6 alternate jurors, since the juror numbers of the 18 jurors were disclosed frequently throughout the final voir dire process.</u> The Court finds that the letter and spirit of the mandate was not to provide the media outlets with stories about the jurors, but

---

[2]According to the Order of the Court of Appeals at doc. no. 658, fn. 1, the media outlets withdrew their request to obtain access to the questionnaires.

[3]Until filing of this "Emergency" motion, the media never once requested the juror numbers, from this Court, and presumably from the Court of Appeals. The Order of the Court of Appeals makes no reference to juror numbers.

4

rather, it was to provide the public with access to the proceedings. The Court has provided that public access in a manner consistent with the dictates of the Court of Appeals. Such disclosure of the names of the actual 12 jurors and 6 alternate jurors places those individuals at risk as set forth by this Court in the "Order of Court Re: Jury Selection, Voir Dire and Other Pretrial Issues (See Doc. Nos. 598, 599, 604 and 607)" (doc. no. 629 at pages 28-30).

Accordingly, for the reasons set forth hereinabove, said motion is DENIED as untimely and without merit.

SO ORDERED this 25th day of January, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge