IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| **CYRIL H. WECHT** | ) | |

**ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY
PURSUANT TO FED. R. EVID. 402 AND 403 (DOC. NO. 717)**

After consideration of defendant's Motion to Exclude Testimony Pursuant to Fed. R. Evid. 402 and 403 (doc. no. 717), defendant's brief in support (doc. no. 718), and the government's brief in opposition (doc. no. 719), the Court will deny the motion except with regard to testimony by Kathy McCabe about a letter she typed to Gerald Schiller.

First, the Court agrees with the government that the motion is untimely. Defendant has had the government's witness lists since October 1, 2007 (doc. no. 543-2) and December 31, 2007, and has had the Jencks Act materials which purportedly triggered this motion since around January 18, 2008. See Joint Agreed Motion for Order Regarding Jencks Act Materials (doc. no. 674).

Second, other than the motion to exclude testimony by Kathy McCabe about Gerald Schiller's letter,[1] the Court agrees with the government that the motion is without merit as to witnesses Theresa Ciralli and Janice Fawcett. Defendant's motion is based on speculation as to the likely purpose and scope of these witnesses' testimony, in light of characterizations and inferences he attempts to imprint on testimony of trial witnesses who have testified about George Hollis and on the probative value of the government's evidence. The government's response

---

[1] The fact that this Court addresses this motion on its merits should not be regarded as precedent for future untimely motions in limine.

adequately demonstrates the relevancy of these witnesses' testimony and rebuts the characterizations and inferences which defendant suggests are the only characterizations and inferences that the jury could possibly take from evidence adduced to date.

However, defendant's motion to exclude testimony by Kathy McCabe about a letter she typed for defendant to Gerald Schiller, which has been identified as government Exhibit G-367, raises a more substantial issue, and the briefs have crystallized the positions of the parties on the issue. After careful consideration of this matter, and out of an abundance of caution, this Court will grant the motion to exclude any testimony about the letter pursuant to Fed. R. Evid. 403, for the following reasons.

First, the letter typed by Ms. McCabe is arguably of marginal relevance in the government's case-in-chief as to the prosecution theory that defendant used county resources and staff to generate income for Wecht Pathology.

Second, the contents of the letter (and the exchange of letters between defendant and Mr. Schiller) are, potentially, prejudicial to defendant because the letter and letter exchange would tend to reflect poorly on defendant's character. Indeed, the government argues that such "bad character" evidence is probative and relevant to rebut "good character" evidence that defendant has brought in through several government witnesses.

Third, having had another opportunity to examine G-367 in light of defendant's and the government's focused arguments, the Court concludes that the letter exchange between defendant and Gerald Schiller presents a real possibility of an unnecessary distraction and sideshow on an issue of marginal probative value, at least in the government's case-in-chief. (In the event defendant made this evidence more relevant by evidence introduced in his case-in-chief, that

could open the door for the government to use it in rebuttal.)

Therefore, the Court will exclude the testimony by Kathy McCabe (and any other witness) about the Schiller letter at G-367. Accordingly, for the reasons set forth above,

IT IS HEREBY ORDERED that defendant's Motion to Exclude Testimony Pursuant to Fed. R. Evid. 402 and 403 (doc. no. 717) is GRANTED IN PART and DENIED IN PART.

**SO ORDERED** this 6th day of February, 2008.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record