IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 06-0026** |
| ) | **Electronically Filed** |
| **CYRIL H. WECHT** ) | |

### ORDER OF COURT RE: GOVERNMENT'S NOTICE OF INTENT TO PUBLISH EXCERPT OF EXHIBIT 372 (DOC. NO. 742)

The government has filed a Notice of Intent to Publish Excerpt of Exhibit 372 (doc. no. 742), which exhibit is a previously admitted DVD recording of Night Talk, a local television program, wherein the defendant appeared on and was interviewed by the host. The excerpt is eleven seconds long; the entire program runs about 30 minutes. In its Notice, the government submits that the excerpt stands on its own, and that it is not necessary under Fed.R.Evid. 106[1] or otherwise that the entire recording be played to the jury.

Defendant objects to the playing of the excerpt on several grounds, including that it is taken out of context, and "submits that none of the tape should be admitted . . . ." "Defendant's Response to Government's Notice of Intent to Publish Excerpt of Exhibit 372 (doc. no. 742)," at 2. Without considering defendant's other arguments or expressing any opinion thereon, the Court agrees with defendant, having reviewed the entire program in camera, that at least some substantial additional portions of the recording "ought in fairness" be played if the excerpt is introduced, to put the excerpt into proper context. Given that a great deal of the content of the

---

[1] Rule 106 provides that when a "recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

Night Talk program involves matters that the Court previously has excluded which are intertwined with other matters at various times throughout the program, the Court deems it appropriate to exclude the program entirely.

Accordingly, construing defendant's response to be in the nature of a motion in limine to exclude the recorded Night Talk program from being introduced in the government's case in chief, the Court will GRANT the motion.

**SO ORDERED** this 26th day of February, 2008.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record