IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| CYRIL H. WECHT | ) | |

**ORDER OF COURT RE: (DOCKET NO. 753)
GOVERNMENT'S MOTION FOR RECONSIDERATION OF
ORDER AT DOCKET NO. 752 RE NIGHT TALK TAPE**

On February 26, 2008, after considering the government's Notice of Intent to Publish Excerpt of Exhibit 372 (doc. no. 742), this Court entered the following Order:

> The government has filed a Notice of Intent to Publish Excerpt of Exhibit 372 (doc. no. 742), which exhibit is a previously admitted DVD recording of Night Talk, a local television program, wherein the defendant appeared on and was interviewed by the host. The excerpt is eleven seconds long; the entire program runs about 30 minutes. . . .
>
> Defendant objects to the playing of the excerpt on several grounds, including that it is taken out of context, and "submits that none of the tape should be admitted . . . ." "Defendant's Response to Government's Notice of Intent to Publish Excerpt of Exhibit 372 (doc. no. 742)," at 2. Without considering defendant's other arguments or expressing any opinion thereon, the Court agrees with defendant, having reviewed the entire program in camera, that at least some substantial additional portions of the recording "ought in fairness" be played if the excerpt is introduced, to put the excerpt into proper context. Given that a great deal of the content of the Night Talk program involves matters that the Court previously has excluded which are intertwined with other matters at various times throughout the program, the Court deems it appropriate to exclude the program entirely.
>
> Accordingly, construing defendant's response to be in the nature of a motion in limine to exclude the recorded Night Talk program from being introduced in the government's case in chief, the Court will GRANT the motion.

Order of Court Re: Government's Notice of Intent to Publish Excerpt of Exhibit 372 (Doc. No. 742) (doc. no. 752).

The government has filed a Motion for Reconsideration (doc. no. 753) of this Court's

February 26, 2008 Order, and a Notice of Filing Proposed Redactions of Government's Exhibit 372 (doc. no. 756), from which it appears that the parties now agree that the government should be permitted to play the eleven second excerpt of the Night Talk Program if most of the program is played with significant redactions to excise objectionable portions of the recording. The parties disagree, however, as to what is objectionable and what redactions should be made, and have proffered competing redacted versions. See doc. no. 756-02, 756-03, 756-04.

After careful consideration of the matter, this Court will GRANT the motion for reconsideration, and will modify the February 26, 2008 Order (doc. no. 752) as follows:

1. The government may play and publish to the jury the eleven second excerpt of the Night Talk program.

2. Thereafter, the government shall play and publish to the jury either (a) a redacted recording of the Night Talk program to which the parties agree, or (b) the entire recording, if the parties cannot agree to the redactions.

IT IS FURTHER ORDERED that the Court will instruct the jury that the additional portions of the Night Talk program are being played to place the excerpts in context and that, to the extent the recording refers to any purported dispute between the defendant and the District Attorney of Allegheny County, such matters are not relevant to these proceedings and the jury should disregard such references. Playing the Night Talk program to the jury does not "open the

door" for admission of testimony or evidence regarding said purported dispute between the defendant and the District Attorney of Allegheny County.

**SO ORDERED** this 26th day of February, 2008.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record