IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| **CYRIL H. WECHT** | ) | |

ORDER OF COURT RE: DEFENDANT'S MOTION TO STRIKE
CERTAIN TESTIMONY AND TO INSTRUCT THE JURY ACCORDINGLY;
MOTION TO LIMIT AND PRECLUDE FURTHER EVIDENCE
VARYING INDICTMENT; AND MOTION TO REQUIRE THE GOVERNMENT
TO ESTABLISH PERSONAL KNOWLEDGE OF ALL WITNESSES
REGARDING THE SPECIFIC ALLEGATIONS REGARDING CARLOW
SO AS TO PRECLUDE FURTHER AMENDMENT OF
THE INDICTMENT (DOC. NO. 748)

Before the Court is Defendant's Motion to Strike Certain Testimony and to Instruct the Jury Accordingly, Motion to Limit and Preclude Further Evidence Varying Indictment, and Motion to Require the Government to Establish Personal Knowledge of All Witnesses Regarding the Specific Allegations Regarding Carlow So as to Preclude Further Amendment of the Indictment (doc. no. 748). After carefully considering said Motion, Defendant's Brief in Support (doc. no. 749), the Government's Brief in Opposition (doc. no. 755), and Defendant's Reply to the Government's Response (doc. no. 767), the Court finds that defendant's motion and analysis rely on dubious and one-sided inferences and characterizations of evidence he gathers from the evidence that has been adduced so far in this criminal trial, which inferences and characterizations do not support a finding that the government's evidence has, at this point, constructively amended the indictment or that there has been a fatal variance. See United States v. Daraio, 445 F.3d 253, 259 (3d Cir. 2006) ("There are two types of variations between the charges in an indictment and the evidence at trial: (1) amendments of the indictment when its charging terms are altered; and (2) variances, where the charging terms of the indictment are not

changed but when the evidence at the trial proves facts materially different from those alleged in the indictment."), citing United States v. Castro, 776 F.2d 1118, 1121 (3d Cir. 1985). Furthermore, the Court's Final Jury Instructions will also endeavor, with the assistance of all counsel, to avoid any constructive amendment problems. See United States v. McKee, 506 F.3d 225, 229-32 (3d Cir. 2007).

Moreover, defendant's arguments are premature, and are much more appropriately made in a Rule 29(a) Motion for Judgment of Acquittal which, the Court understands, defendant intends to make at the close of the government's case in chief. Fed.R.Crim.P. 29(a).[1] To that end, the Court will enter the following scheduling order:

1. Defendant shall file, on or before March 6, 2008 at noon, a written Motion for Judgment of Acquittal as to any counts of the indictment as to which defendant claims the government has produced insufficient evidence, and shall be prepared to file a Supplemental Motion for Judgment of Acquittal if necessary within 24 hours of the completion of the government's case in chief.

2. The government shall file its response to defendant's Motion for Judgment of Acquittal on or before March 7, 2008, at close of business, and shall be prepared to file a Response to Defendant's Supplemental Motion for Judgment of Acquittal, if necessary, within 24 hours of filing of said Supplemental Motion.

---

[1] Rule 29(a), Motion for a Judgment of Acquittal, provides:

(a) Before Submission to the Jury. After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

3. The Court will thereafter promptly rule on Defendant's Motion for Judgment of Acquittal and any Supplemental Motion thereto, or will reserve decision on same pursuant to Fed.R.Crim.P. 29(b).[2]

**SO ORDERED** this 3rd day of March, 2008.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record

---

[2] Rule 29(b) provides:

(b) Reserving Decision. The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.