IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| CYRIL H. WECHT | ) | |

**ORDER OF COURT GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S MARCH 3, 2008 ORDER (DOC. NO. 778) AND MARCH 3, 3008 TEXT ORDER REGARDING MOTION FOR JUDGMENT OF ACQUITTAL (DOC. NO. 786); AND ORDER OF COURT VACATING THE RULE 29(A) BRIEFING SCHEDULE IN DOC. NO. 778**

As a courtesy to counsel for defendant, and in response to defendant's premature attempts to raise issues more properly asserted in a Motion for Judgment of Acquittal pursuant to Fed.R.Crim.P. 29(a) in doc. nos. 748, 749, and 767[1], the Court established a briefing schedule for the Rule 29(a) Motion for later this week, in light of the Government informing the Court and defense counsel that it probably would conclude its evidence this Thursday, March 6, 2008. The briefing schedule was set forth in doc. no. 778[2] at 2-3 as follows:

---

[1] The title of doc. no. 748 is "Motion to Strike Certain Testimony and to Instruct the Jury Accordingly, to Limit and Preclude Further Evidence Varying Indictment, and to Require the Government to Establish Personal Knowledge of All Witnesses Regarding the Specific Allegations Regarding Carlow so as to Preclude Further Amendment of the Indictment." The title of doc. no. 749 is "Brief in Support of Motion to Strike Certain Testimony and to Instruct the Jury Accordingly, to Limit and Preclude Further Evidence Varying Indictment, and to Require the Government to Establish Personal Knowledge of All Witnesses Regarding the Specific Allegations Regarding Carlow so as to Preclude Further Amendment of the Indictment." The title of doc. no. 767 is "Defendant's Reply to Government's Brief in Opposition to Defendant's Motion to Strike, etc. at Docket No. 748."

[2] The title of doc. no. 778 is "Order of Court Re: Defendant's Motion to Strike Certain Testimony and to Instruct the Jury Accordingly; Motion to Limit and Preclude Further Evidence Varying Indictment; and Motion to Require the Government to Establish Personal Knowledge of All Witnesses Regarding the Specific Allegations Regarding Carlow so as to Preclude Further Amendment of the Indictment."

* * *

Moreover, defendant's arguments are premature, and are much more appropriately made in a Rule 29(a) Motion for Judgment of Acquittal which, the Court understands, defendant intends to make at the close of the government's case in chief. Fed.R.Crim.P. 29(a).[3] To that end, the Court will enter the following scheduling order:

1. Defendant shall file, on or before March 6, 2008 at noon, a written Motion for Judgment of Acquittal as to any counts of the indictment as to which defendant claims the government has produced insufficient evidence, and shall be prepared to file a Supplemental Motion for Judgment of Acquittal if necessary within 24 hours of the completion of the government's case in chief.

2. The government shall file its response to defendant's Motion for Judgment of Acquittal on or before March 7, 2008, at close of business, and shall be prepared to file a Response to Defendant's Supplemental Motion for Judgment of Acquittal, if necessary, within 24 hours of filing of said Supplemental Motion.

3. The Court will thereafter promptly rule on Defendant's Motion for Judgment of Acquittal and any Supplemental Motion thereto, or will reserve decision on same pursuant to Fed.R.Crim.P. 29(b).[4]

* * *

---

[3] Rule 29(a), Motion for a Judgment of Acquittal, provides:

(a) Before Submission to the Jury. After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

[4] Rule 29(b) provides:

(b) Reserving Decision. The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

Although defendant had the time and resources to raise potential Rule 29(a) issues prematurely (see doc. nos. 748, 749, 767), defendant now claims the above schedule "is extremely prejudicial, and humanly impossible." See ¶ 7 of doc. no. 786 (titled, "Motion for Reconsideration of Court's March 3, 2008 Order (Doc. 778) and March 3, 2008 Text Order Regarding Motion for Judgment of Acquittal").

Defense counsel's claim that "[i]t is simply not humanly possible . . . to prepare an effective and efficient Motion" (see ¶ 9 of doc. no. 786), pursuant to the above schedule, is questionable. First, the docket entries in this case are approaching 800 entries (excluding text orders) in less than 26 months. The Clerk's Office believes that no single-defendant case in the history of the United States District Court for the Western District of Pennsylvania has produced almost 800 document entries in such a short time period. This record, of course, does not include the time and resources spent on appeals to the United States Court of Appeals for the Third Circuit, as well as defendant's petitions directed to that Court's original jurisdiction.

Secondly, the premature issues raised in Motion to Strike Certain Testimony and to Instruct the Jury Accordingly, to Limit and Preclude Further Evidence Varying Indictment, and to Require the Government to Establish Personal Knowledge of All Witnesses Regarding the Specific Allegations Regarding Carlow so as to Preclude Further Amendment of the Indictment (doc. no. 748) demonstrates that defense counsel is and has been focused on at least some Rule 29(a) issues. It is difficult to believe that such experienced defense counsel have not yet focused on the Rule 29(a) issues, at least as to numerous counts of the Indictment, after 18 days of trial, with only a few days remaining in the Government's case-in-chief.

Further, defense counsel increasingly complain that the Court should stop the jury trial proceedings for defense counsel's requests for sidebars, proffers, arguments, and/or conferences, instead of following the Court's customary practices (consistent with its written practices and procedures) and desire not to keep the jury waiting in the courtroom or jury room for such events. The Court instead has requested counsel for both parties promptly to file motions and responses, which the Court rules upon on a daily basis. (Quite frankly, after numerous preliminary and "final" pretrial conferences and at least 8 "status conferences," the Court has not found such "verbal" presentations at all helpful, as compared to the raising and deciding the issues on the written motions and briefs.)

With witness identification and pre-admission of trial exhibits occurring more than a year ago, and with the tremendous resources deployed by the parties, this case is not a case of surprises requiring continual sidebars and arguments.

The Court's procedure respects the jury and its time commitments in this lengthy jury trial; does not minimize the court reporters' breaks, who are engaged in daily and real time transcription; and permits the Court to consider these matters over the evening and early morning to reach a more reflective and hopefully a more quality decision (instead of rapid decision-making at sidebar). Presumably, all counsel desire a thoughtful judicial decision-making process, and consideration of the jury and court reporters.

In conclusion, although the Court established the above Rule 29(a) Motion schedule[5] as an assistance to counsel in planning their schedules, and to insure wise use of the jury's time

---

[5] As the government points out in its opposition brief (doc. no. 790), the Court had authority to enter the above-referenced scheduling order.

(now in week 6 - not including the lengthy jury selection process), the Court will grant defendant's Motion for Reconsideration of Court's March 3, 2008 Order (Doc. 778) and March 3, 2008 Text Order Regarding Motion for Judgment of Acquittal (doc. no. 786), and set aside the orderly briefing schedule set forth in Order of Court at doc. no. 778.  However, counsel must be ready to promptly begin and conclude the motion and briefing cycle, pursuant to the scheduling order that the Court will enter at the conclusion of the Government's case-in-chief, so as to wisely use the time of our fellow citizens serving as jurors in this matter.

**SO ORDERED** this 4th day of March, 2008.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record