IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| **CYRIL H. WECHT** | ) | |

### ORDER OF COURT RULING ON DEFENDANT'S OBJECTIONS (DOC. NO. 821) TO FINAL JURY INSTRUCTIONS (DOC. NO. 800), GOVERNMENT'S REQUESTED POINT FOR CHARGE (DOC. NO. 829) AND REVISED FINAL JURY INSTRUCTIONS

On March 6, 2008, this Court filed its Final Jury Instructions (doc. no. 800), and entered a schedule for filing objections and any requested additional points for charge. The Final Jury Instructions were the culmination of a lengthy process, over at least an 18 month period, of "meet and confers," proposed jury instructions, counter instructions, objections, and numerous opinions and rulings of the Court interpreting and clarifying the statutes and legal principles involved in this case. The government, in its Response (doc. no. 824) to Defendant's Objections to Final Jury Charge with attached "Exhibit A: Defendant's Proposed Jury Charges on Defense Theory of the Case" (doc. no. 821), accurately and fairly details the procedural history of the interactive process of drafting preliminary and final jury instructions, and the Court's resolution of all disputes over jury instructions to date. Government's Response to Defendant's Notice of Objections to the Court's Proposed Jury Instructions (doc. no. 824) at 2-4. The Court adopts that recitation of the procedural history.

After careful consideration of defendant's objections, including the proposed points for charge on the "Defense Theory of the Case," and the government's response thereto, the Court denies defendant's objections to the Court's Final Jury Instructions, with one significant and a few minor exceptions.

**Unanimity Instructions**.

The Court sustains defendant's Objection D to the Instruction " Mail and Wire Fraud as to Counts 1-36 - Unanimity Required" with regard to the need for an "augmented unanimity" instruction as to the state and county laws from which defendant's fiduciary and ethical duties to the citizens of Allegheny County derive.

The general rules regarding "augmented unanimity" or "specific unanimity" instructions in criminal cases are as follows:

> While it is true that in most cases a general unanimity instruction is sufficient to support a conviction, see United States v. Beros, 833 F.2d 455, 460 (3d Cir. 1987), a specific unanimity instruction is required "where the complexity of the case, or other factors, creates the potential that the jury will be confused." Id.; cf. United States v. Ryan, 828 F.2d 1010, 1020 (3d Cir.), rev'd on other grounds, United States v. Wells, 519 U.S. 482, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997) ("[I]n any case where a count will be submitted to the jury on alternative theories, prudence counsels the trial court to give an augmented unanimity instruction if the defendant requests such a charge. Unanimity is an indispensable element of a federal jury trial.") (internal citation omitted). The purpose of a specific unanimity instruction is to ensure that the jurors are "in substantial agreement as to just what a defendant did as a step preliminary to determining whether the defendant is guilty of the crime charged." Beros, 833 F.2d at 460 (quoting United States v. Gipson, 553 F.2d 453, 457-58 (5th Cir. 1977)).

United States v. Russell, 134 F.3d 171, 176 (3d Cir. 1998).

The government's "honest services" mail and wire fraud counts assert an overall scheme to defraud the citizens of Allegheny County of honest services, but this overall scheme has many numerous and varied "parts." Revised Indictment (doc. no. 656-2), ¶¶ 27(a)-(l), 28-29, 30(a)-(g), 31-33. The complexity of the honest services scheme and the myriad state and county law "predicates" upon which Counts 1-27 rely, see pages 29-37 of the Final Jury Instructions (doc. no. 800), triggers the need for an augmented unanimity instruction because of the danger of jury

confusion and defendant's Sixth Amendment right to a unanimous jury on all elements of a

charged offense.

"Prudence counsels" an augmented unanimity instruction as to the various parts of the

overall scheme given the complexity of the case and the multi-faceted nature of the honest

services fraud counts, which creates a real potential that the jury will be confused without such

an instruction.  Especially is this so given the varied state and county predicates which are the

component parts of the overall scheme as the sources of defendant's fiduciary and ethical duties

to the citizens of Allegheny County, alleged violations of which deprive the citizens of honest

services.  As such, these state and county predicates are the "anchor" of the honest services fraud

counts.  See United States v. Antico, 275 F.3d 245 (3d Cir. 2001); United States v. Panarella, 277

F.3d 678 (3d Cir. 2002); United States v. Murphy, 323 F.3d 102 (3d Cir. 2003); United States v.

Kemp, 500 F.3d 257 (3d Cir. 2007), cert. denied ___ S.Ct. ___, 2008 WL 219248 (2008).

Accordingly, the Court will modify its Final Jury Instructions to include an augmented

unanimity instruction in the context of the honest services fraud counts.

Although defendant does not request it, the Court deems it appropriate to also augment

the unanimity instruction in the context of the specific acts that would satisfy the second element

of the theft of funds from agency receiving federal funds under 18 U.S.C. § 666 charged at

Counts 37 through 41.  Those qualifying acts are that defendant "embezzled, stole, obtained by

fraud, converted to the use of another without authority, or intentionally misapplied" property

valued at over $5,000.  See Beros, 833 F.2d at 462 (in context of conviction for embezzling,

stealing, abstracting, or converting union funds in violation of 18 U.S.C. § 664, Court of Appeals

requires unanimity regarding the specific act or acts which constitutes that offense, stating:

3

"When the government chooses to prosecute under an indictment advancing multiple theories, it must prove beyond a reasonable doubt at least one of the theories to the satisfaction of the entire jury.").

The Court overrules most of defendant's remaining objections without further discussion; the rulings are implicit in the Revised Final Jury Instructions that will be filed. In particular, however, the Court overrules defendant's principle, repeated objections that the jury instructions must include certain specific "materiality" language he gleans from Neder v. United States, 527 U.S. 1 (1999) (materiality of falsehood is element of federal mail fraud, wire fraud, and bank fraud statutes), and that the "materiality element" must be charged as a separate, fourth element of mail and wire fraud, and repeated throughout the instructions.

A Neder materiality instruction is, in fact, included in the Court's Final Jury Instructions in an appropriate way at the appropriate places, in the manner recently approved by the Third Circuit Committee on Model Criminal Jury Instructions.

The Court also rejects the last minute "Proposed Jury Charges on Defense Theory of the Case" (doc. no. 821-2) as inaccurate, misleading and mingled with a highly subjective view of the facts adduced, as well as, in large part, contrary to previous rulings of the Court. Moreover, if defendant was serious about having this Court consider appropriate points for charge regarding the "Defense Theory of the Case" (which appears to be, essentially, a reasonable doubt defense about whether the government has met its burden of proof on the elements of the offenses charged, which defense is thoroughly covered by the Court's Final Jury Instructions), such instructions should have been submitted in a timely manner as required by this Court's pretrial orders.

4

The government also has filed a requested point for charge (doc. no. 829) with regard to the Pennsylvania Anatomical Gifts Act, upon which the jury heard testimony. Defendant objects to any instruction on this Act (doc. no. 830), but offers a counter instruction in the event the Court overrules his objection. The Court does overrule defendant's objection, as the matter was brought before the jury and might be confusing in the absence of any explanation. The Court will give an instruction blended from those submitted by the parties.

Finally, the Court will separately file Revised Final Jury Instructions which will add generic instructions as to "on or about," judicial notice and stipulations of testimony, and will slightly modify the instruction on immunized witnesses.

**SO ORDERED** this 14th day of March, 2008.

  s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All counsel of record