IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| CYRIL H. WECHT | ) | |

**ORDER OF COURT DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION OF DENIAL OF
MOTION FOR MISTRIAL EMBEDDED IN DOCUMENT NO. 845**

Before the Court is "Defendant's Objections to Government's Proposed Jury Instructions Regarding Partial Verdict (Document No. 850) and Cross Motion to Discharge the Jury." (doc. no. 852). Although called a "Cross Motion," there are no pending motions to which this one can be reasonably be considered to be "crossed," and the relief sought is obviously in the nature of a motion to reconsider the Court's ruling of April 2, 2008, denying defendant's oral motion to declare a mistrial and discharge the jury. The background for defendant's motion to reconsider is as follows:

A previous message from the jury, on March 27, 2008, Court Exhibit 5, stated that "out of the 41 counts if any one or more count the jury can not come to unanimous agreement on - does that constitute a hung jury"? Although that message suggested that the jury had been able to reach verdict on some but not all counts, the message was ambiguous, and, therefore, the Court declined to give a partial verdict instruction at that time, after hearing from counsel, and instead gave the supplemental instruction suggested by defense counsel, and agreed to by the government, that the jury should continue deliberations. The Court used the language approved by the United States Court of Appeals for the Third Circuit in *United States v. Fioravanti*, 412

F.2d 407, 419-20 (3d Cir. 1969).[1]

The Court did not hear from the jury again about the status of its deliberations until April 3, 2008, when it sent a written message through the bailiffs that it unanimously agreed it had reached an "impasse" and agreed that "additional deliberations would not be helpful." Court Exhibit C-12. The government suggested the Court render the partial jury instruction set forth in the Model Jury Instructions at Section 9.08, and defendant requested the Court to declare a mistrial and discharge the jury immediately, based on his belief that the jury was hopelessly deadlocked. See "Defendant's Objections to Government's Proposed Jury Instructions Regarding Partial Verdict (Document No. 850) and Cross Motion to Discharge the Jury" (doc. no. 852) at 5.

This Court denied both the government's requested partial verdict instruction and defendant's oral motion for a mistrial. As is the customary practice in the United States District Court for the Western District of Pennsylvania to instruct the jury to return to further deliberate *at least once* after being advised that it has been unable to reach a verdict, the Court brought the jury to the Courtroom and instructed the jury, pursuant to Supplemental Instruction at section

---

[1] The *Fioravanti* deadlocked jury instruction the Court rendered to the jury was closely followed by the Committee for the United States Court of Appeals for the Third Circuit on Model Criminal Jury Instructions in its Supplemental Instruction 9.05 for a Deadlocked Jury. The Court instructed the jury as follows:

> It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

9.05 of the Model Jury Instructions for Criminal Trials recommended by the Committee for the United States Court of Appeals for the Third Circuit on Model Criminal Jury Instructions, that it should continue its deliberations, and returned the jury to deliberate for as long as the jury deemed appropriate, over defendant's objections that the Court should impose some arbitrary time table on the jury.

The jury informed the Court, through the bailiff, that it agreed to return on Monday, April 7, 2008, to continue its deliberations at 8:00 am. The Court excused the jury for the day shortly after 2:00 pm, at the jury's previous requested time. At 3:45 pm that same day, the government filed a written request that the Court give a supplemental "Partial Verdict Instruction" advising the jury that it could return verdicts on some, but not all, of the counts of the indictment, if it was able to reach unanimous verdict on some counts but not others, based on the jury's previous message of March 27, 2008. The Court 'text-only" ordered a response by 1:00 pm, the next day, Friday, April 3, 2008.

Defendant filed a motion requesting an enlargement of time to file its response (doc. no. 851) until 4:00 pm, which the Court granted in part, directing the response by 3:00 pm. There is no suggestion or hint in his motion to enlarge the time to respond to the government's requested supplemental jury instruction, that defendant would also move the Court to reconsider its ruling denying his oral motion for a mistrial, nor for that matter, that he intended to request any other affirmative relief or ruling from the Court.

The Court denied the government's requested supplemental instruction by text-only order at 4:37 pm, April 3, 2008, and went home for the weekend. On Saturday, April 4, 2008, at 12:28 pm, despite all counsel having previously been ordered, more than once, not to communicate

3

with the Court's staff by e-mail and instead to file requests on ECF docketing system, Mr. McDevitt e-mailed the Court's law clerks to their Court Lotus accounts, which they do not usually check on the weekends, as counsel has been advised more than once, with the following message:

> Mickey and Nicole,
>
> Yesterday we filed a cross motion , supporting brief and proposed order requesting the jury be discharged and a mistrial declared. The relief requested seeks an order before jury deliberations begin on Monday.
>
> The Court has not ordered the Government to respond or otherwise indicated it intends to adjudicate our motion in timely fashion. We respectfully request that the Court issue a briefing schedule and adjudicate our motion prior to Monday's resumption of jury deliberations.

(Attached hereto).

Defense counsel appears to be philosophically opposed to filing actual *motions* on the ECF docketing system *as motions* when he seeks some affirmative relief from the Court, as he has been repeatedly ordered to do. Filing motions as motions ensures that the Court will order a prompt response from the opposing party, and that said motion will be promptly addressed;[2] conversely, not filing a motion as a motion, but instead as some part of some other document, such as a response to a requested jury instruction, will not be docketed as a motion on ECF.

Indeed, defendant's "cross motion" is not a "cross" to any pending motion, as it incorrectly but, the Court finds, purposefully implies, and ECF did not pick this item up as a motion because it was deliberately, as this Court finds, not filed as such. See Clerk's Office

---

[2] It is interesting to note that defense counsel has loudly complained in the past that the Court has ruled too quickly on his and the government's motions, as if ruling quickly on pending motions after considering motions, responses and briefs is somehow improper.

Quality Control Message of April 7, 2008, at 8:44 am ("CLERK'S OFFICE QUALITY CONTROL MESSAGE re 852 Response to (other). ERROR: Document should have been filed as two separate documents. CORRECTION: Attorney advised in future that documents of that nature are to be filed as separate documents. Clerk of Court docketed Motion to Discharge the Jury. This message is for informational purposes only. (plh) (Entered: 04/07/2008)").

The jury resumed its deliberations this morning at 8:00 am, at its request to begin early.

The Court **HEREBY DENIES** "Defendant's Objections to Government's Proposed Jury Instructions Regarding Partial Verdict (Document No. 850) and Cross Motion to Discharge the Jury" (doc. no. 852), for two reasons.

First, the Court finds that the so-called "cross motion" is nothing of the kind. It is, rather, a motion to reconsider the ruling of April 2, 2008, denying his motion for a mistrial, and the failure to docket this motion to reconsider as a motion, and to call it what it is, obviously renders the motion procedurally flawed and the relief requested therein quite moot. While the motion to reconsider was technically filed on April 3, 2008, it was designed, for reasons known only to defense counsel, to ensure that no decision would be reached prior to resumption of jury deliberations this morning.

Second, defendant's motion to reconsider is without merit, as the Court's supplemental instruction to the jury after being advised by it for the first time that it had reached an "impasse" followed standard operating procedure in the United States District Court for the Western District of Pennsylvania and followed the comments and instruction suggested by the Committee for the United States Court of Appeals for the Third Circuit on Model Criminal Jury Instructions.

**IT IS FURTHER ORDERED** that any motion or request for affirmative relief from this Court must be docketed as a motion on the ECF docketing system; failing that, there will be no response ordered and any relief requested therein shall be deemed denied.

**SO ORDERED** this 7th day of April, 2008.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record