# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-0026 |
| | ) | Electronically Filed |
| CYRIL H. WECHT | ) | |

## MEMORANDUM OPINION REGARDING GOVERNMENT S SECOND MOTION FOR ENTRY OF AN ORDER GRANTING THE (FORMERLY) EX PARTE REQUEST FOR RETURN INFORMATION (DOC. 968)

On March 4, 2008, during trial, the Court entered the following Order of Court:

> Order of Court Denying Government's Motion for Entry of an Order Granting the (Formerly) ex Parte Request for Return Information and Expediting or Eliminating Briefing (Doc No. 768)
>
> The Court agrees with the position of defendant as set forth in his Brief in Opposition (doc. no. 782) to Government's Motion for Entry of an Order Granting the (Formerly) Ex Parte Request for Return Information (doc. no. 768) that the Government, in its affidavit (doc. no. 768-2) in support of its Motion for Entry of an Order Granting the (Formerly) Ex Parte Request for Return Information and Expediting or Eliminating Briefing (doc. no. 768), "has failed to make the required showing under the statute that the information now sought cannot be reasonably obtained from any other source . . . ." Doc. No. 782 at 2. 26 U.S.C. § 6103(i)(1)(B)(iii). Therefore, the Court DENIES Government's Motion for Entry of an Order Granting the (Formerly) Ex Parte Request for Return Information and Expediting or Eliminating Briefing (doc. no. 768).

Order of March 4, 2008 (doc. no. 791), at 1-2.

Following trial, the government filed a second motion to require production of subpoenaed documents prior to retrial directed to Ms. Blettner, Carl Citron and Wecht Pathology, related to Ms. Blettner's income for the years 1995 and 1996. After consideration of the motion, brief in support and defendant's opposition thereto, the Court granted said Motion on May 8, 2008. See Order Granting Government's Motion for Order Requiring Pretrial Production of Subpoenaed Documents Related to Maribeth Blettner's Income (doc. no. 952). That Order states, in part, that in

"the event the subpoenas *duces tecum* do not yield the requested information, the government may immediately file a renewed motion for disclosure pursuant to 26 U.S.C. 6103(i)(l), and the defendant shall file any response thereto on or before May 21, 2008, or 48 hours after the renewed motion is filed, whichever is later." *Id*. at 2.

The government now has filed a Second Motion for Entry of an Order Granting the (Formerly) Ex Parte Request for Return Information (doc. no. 968), because the subpoenaed parties did not possess the income related documents the government sought. Defendant opposes this motion on two grounds: (1) the application for Court Ordered production of tax records "is based on an admitted violation of this Court's order; and (2) the request still does not satisfy the statute's [26 U.S.C. § 6103(i)] requirements." Defendant's Brief in Opposition to Government's Second Motion (doc. no. 974), at 2.

In his Brief in Opposition, defendant states:

> The Court should deny the Government's renewed request for Ms. Blettner's tax returns because it is founded on the Government's repeated use of FA Ubinger s sworn affidavit, which is an admission of violations of this Court's Federal Rule of Evidence 615 ("Rule 615") sequestration order. See (Docs. 768-2, ¶¶ 2, 7; 968-2, ¶¶ 2, 7) The Government relied on the same February 28, 2008 sworn affidavit of FA Ubinger to support both of its motions for disclosure of Ms. Blettner's tax returns. *Id*. Therein, FA Ubinger states she reviewed trial transcripts in fact, she *even quotes* the trial transcript, which is a brazen violation of the sequestration order this Court placed on her and Federal Rule of Evidence 615 ("Rule 615"). *Id*.

Defendant's Brief in Opposition to Government's Motion at (Doc. No. 968), at 2 (emphasis in original).

The Court will grant the government's motion for disclosure of Ms. Blettner's tax returns. The government has now exhausted all reasonable alternative sources and has failed to obtain the

requested information, which is probative to a significant issue in the criminal prosecution, and has satisfied all prerequisites under 26 U.S.C. § 6103(i). Given Ms. Blettner's present inability to recall her income in 1995 and 1996 and the government's inability to establish the matter through other means, the tax returns are the most probative evidence of that fact.

As to defendant's argument based on Rule 615, because defendant raised FA Ubinger's alleged violation of the Court's sequestration Order in opposing the government's previous motion, the law of the case precludes the Court from addressing the matter again. Defendant notes that the "Defense opposed [the government's previous motion requesting subpoenas for Ms. Blettner's 1995 and 1996 income information], noting that the Government's first request admitted FA Ubinger's sequestration order violation. (Doc. 950, pp. 4 6) Although the Court granted this request, this untimely endeavor also failed, because none of the subpoenaed parties possessed the requested documents, as they would be over eleven years old." Defendant's Brief in Opposition to Government's Motion at (Doc. No. 968), at 2. Defendant offers no legitimate justification for this Court to disregard the law of the case. See, e.g., Memorandum and Order of Court Regarding Pending Motions (Docs. No. 524, 527, 535) Relating to Supplemental Suppression Hearing (doc. no. 537, at 18-19) (law of the case doctrine directs courts ordinarily to refrain from re-deciding issues that were resolved earlier in the litigation).

Moreover, the Court finds that refusal to grant the government's application when it has satisfied all prerequisites under section 6103(i) would not be an appropriate sanction for any alleged violation of the Court's sequestration Order caused by FA Ubinger's reading the Blettner transcript. As defendant states, "the purpose of [Federal Rule of Evidence] 615 is to prevent the possibility of witnesses shaping their testimony in response to that given by other witnesses at

trial." FA Ubinger did not testify nor did she somehow use information acquired during the trial in some unique way that only she could have done. All she did was read the transcript and state what she read. This does not violate the acknowledged purpose of Rule 615, although it *might* implicate the letter of the rule. However, precluding the government from acquiring needed tax return information in a criminal prosecution, pursuant to the statute created for that purpose, is not a proper remedy for the alleged Rule 615 violation.

For the foregoing reasons, the government's Second Motion for Entry of an Order Granting the (Formerly) Ex Parte Request for Return Information (doc. no. 968) will be GRANTED. The government is directed to file an appropriate, updated Proposed Order of Court on or before May 28, 2008.

**SO ORDERED** this 23rd day of May, 2008.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record