IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0026** |
| | ) | **Electronically Filed** |
| **CYRIL H. WECHT** | ) | |

## Order of Court Further Implementing Mandate of United States Court of Appeals for the Third Circuit Based Upon Opinion and Judgment of August 1, 2008 (Doc. No. 990)

On December 21, 2007, this Court issued an Order setting forth, *inter alia*, the jury selection and voir dire procedures for the impending jury trial of defendant. (Doc. No. 629). In the December 21, 2007 Order, the Court established numerous procedures for the jury selection process, including that the Court would employ jury questionnaires in the empanelment of the jury, and that the names and addresses of the prospective jurors would not be made public, thus calling the jury innominate. (Doc. No. 629).

Also on December 21, 2007, the Media Intervenors filed an Interlocutory Appeal for the United States Court of Appeals for the Third Circuit of the December 21, 2007 Order. (Doc. No. 633).

On January 9, 2008, the United States Court of Appeals for the Third Circuit issued an Order vacating the Order of December 21, 2007 to the extent that the it "restrict[ed] access of Media Intervenor-Appellants and defense counsel to the names of prospective jurors who participate in the selection process prescribed by the District Court." (Doc. No. 658). However, the Order of the Court of Appeals further stated that "we leave to the discretion of the District Court the method and timing of disclosure of juror and prospective jurors' names, except that disclosure of those names shall be made prior to the swearing and empanelment of that jury."

(Doc. No. 658).

On the same day it received the Mandate of the Court of Appeals for the Third Circuit, on January 9, 2008, the Court issued an Order implementing the Mandate, and Ordered that the Jury Administrator prepare and file on January 17, 2008, a list of summoned jurors who were excused by the Jury Administrator. (Doc. No. 661). This Court further Ordered that a list of the remaining "names of prospective jurors who participate in the selection process prescribed by the District Court" who were not excused by the Jury Administrator be prepared and electronically filed as soon as practicable following jury selection and "prior to the swearing and empaneling of the jury." (Doc. No. 661).

As directed, on January 16, 2008 and January 23, 2008, the Court (via the Jury Administrator) issued two Orders containing the lists of the names of the prospective jurors; however, that Order did not specifically indicate which prospective jurors were the actual 12 jurors and the 6 alternate jurors. (Doc. Nos. 669 and 684, respectively).

On January 24, 2008, the Media Intervenors then filed an Emergency Motion requesting that the Court issue a revised list of jurors that identified them by prospective juror number. (Doc. No. 687). On January 25, 2008, this Court issued an Order denying the Media Intervenors' Emergency Motion as untimely and otherwise without merit. (Doc. No. 691).

On January 29, 2008, the Media Intervenors filed a Notice of Interlocutory Appeal of the Order of January 25, 2008. (Doc. No. 694). On February 6, 2008, the Media Intervenors also filed a Motion to Obtain a Copy of the Transcript of the January 23, 2008 Voir Dire Proceedings, and on February 11, 2008, the Court denied that Motion to the extent it requested that the names of the actual jurors and alternate jurors be made public. (Doc. Nos. 622 and 632).

At the conclusion of the trial and after this Court declared a mistrial, on April 8, 2008, this Court entered a text Order stating that after balancing the right of public access to the voir dire process with the corresponding interests of privacy to the discharged and alternate jurors, the Court ordered that the names of the now discharged and alternate jurors will not be made public until after the conclusion of the retrial or other disposition of the charges. See Text Order of 4/8/08.

On August 1, 2008, the Court received the Judgment and Opinion of the Court of Appeals for the Third Circuit on the jury selection procedure set forth in the Order of December 21, 2007. Doc. Nos. 990 and 991.

In the Opinion of the majority (at footnote number one), the Court of Appeals for the Third Circuit further clarified that it had anticipated that this Court's disclosure of the names of the "juror and prospective jurors" would have distinguished between the names of the trial jurors and those of the prospective jurors.

Accordingly, based upon the August 1, 2008 Opinion and Order, and in conformance with the Mandate of the Court of Appeals for the Third Circuit, the Court HEREBY ORDERS that: (1) the limited portion of the January 23, 2008 Transcript whereby the names of the 12 actual jurors and the 6 alternate jurors were read into the record by the Deputy Clerk be <u>unredacted</u>, and that said unredaction shall occur on August 18, 2008; (2) the Jury Administrator shall promptly inform the 12 actual jurors and 6 alternate jurors, in writing, that in light of the recent rulings of the United States Court of Appeals for the Third Circuit, the portion of the transcript redacting or sealing their names will be unsealed on August 18, 2008, and that their

names will therefore be made public on August 18, 2008; (3) the Order of February 11, 2008 (doc. no. 732) is hereby vacated; and finally, (4) the Text Order of April 8, 2008 is hereby vacated.

SO ORDERED this 11th day of August, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record