IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) 2:06-cr-26
)
CYRIL H. WECHT )

# O R D E R

AND NOW, *to wit*, this 11th day of February, 2009, the Court having held argument on the Defendant's pending Motion [1008] for Reconsideration of Denial of Rule 29 Motions, Denial of Motion to Dismiss Under 18 U.S.C. Section 666 and Denial of Suppression Motions as well as the Government's pending Motion [1010] for Intra-District Transfer, and the transcript [1019] of said argument having been filed on February 9, 2009,

THE COURT HEREBY FINDS that review of the transcript is necessary for proper disposition of the pending motions and that, accordingly, the period of time from December 3, 2008 through February 9, 2008 is excludable pursuant to 18 U.S.C. § 3161(h)(1)(F).[1] *See Henderson v. United States*, 476 U.S. 321, 326-331 (1986) (18 U.S.C. § 3161(h)(1)(F) excludes all time between the filing of the pretrial motion and the

---

[1] Pursuant to this Court's plan for prompt disposition of criminal cases, oral arguments on motions are typically scheduled within ten (10) days from the date that reply papers concerning the motion are due. In this case, the Government's brief in opposition to the Defendant's motion was filed on January 2, 2009 and argument was held on January 29, 2009. To the extent that delay occurred in the scheduling of oral argument of this matter, the Court finds that such delay is independently excludable pursuant to 18 U.S.C. § 3161(h)(8)(A), inasmuch as the argument date was chosen to accommodate the parties' good faith scheduling conflicts, included lead Defense Counsel's need to attend to a personal family matter, as well as the Court's need for reasonable time in which to adequately prepare for the argument. Extensions of time pursuant to § 3161(h)(8)(A) are to be liberally granted where, as here, the ends of justice served by the delay outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

hearing thereon, as well as all time following the hearing during which the court awaits the filing of additional materials by the parties that are needed for proper disposition of the motion); *U.S. v. Mora*, 135 F.3d 1351, 1355 n.2 (10th Cir. 1998) (excludable time under § 3161(h)(1)(F) may include the time during which the court awaits the preparation of the transcript, if such is necessary for the proper disposition of the motion); *United States v. Blankenship*, 67 F.3d 673, 676-77 (8th Cir. 1995) (same); *United States v. Polan*, 970 F.2d 1280, 1285 (3d Cir. 1992) (same).

Consistent with this Court's previous order of November 19, 2008 [1004], the time period beginning November 19, 2008 and ending December 2, 2008 is also excludable pursuant to 18 U.S.C. § 3161(h)(8)(A), as such period constituted a continuance granted at the request of the Defendant and this Court has found, based upon the reasons set forth in the Defendant's motion for continuance [1003], that the ends of justice served by the continuance outweigh the best interest of the public and the Defendant in a speedy trial.

To the extent that any party objects to this Court's calculation under the Speedy Trial Act, such party must file an objection on or before February 18, 2009.

IT IS SO ORDERED.

    s/    Sean J. McLaughlin
        SEAN J. McLAUGHLIN
        United States District Judge

cm:    All counsel of record.