IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 2:06-cr-26 |
| ) | |
| CYRIL H. WECHT ) | |

**O R D E R**

AND NOW, *to wit*, this 25th day of March, 2009, this Court having found that supplemental argument on the Defendant's pending Motion [1008] for Reconsideration of Denial of Rule 29 Motions, Denial of Motion to Dismiss Under 18 U.S.C. Section 666 and Denial of Suppression Motions was necessary for proper disposition of said motion, and having held a supplemental argument on March 20, 2009, and the transcript of said argument having been filed on March 24, 2009,

THE COURT HEREBY FINDS that the period of time from December 3, 2008 through March 24, 2009 is excludable pursuant to 18 U.S.C. § 3161(h)(1)(F). *See* 18 U.S.C. § 3161(h)(1)(F) (excluding periods of delay which result from any pretrial motion, from the filing of the motion through the conclusion of the hearing on such motion).[1]

---

[1] Pursuant to this Court's plan for prompt disposition of criminal cases, oral arguments on motions are typically scheduled within ten (10) days from the date that reply papers concerning the motion are due. In this case, the Government's brief in opposition to the Defendant's motion was filed on January 2, 2009 and the original argument was held on January 29, 2009. To the extent that delay occurred in the scheduling of oral argument of this matter, the Court finds that such delay is independently excludable pursuant to 18 U.S.C. § 3161(h)(8)(A), inasmuch as the argument date was chosen to accommodate the parties' good faith scheduling conflicts, included lead Defense Counsel's need to attend to a personal family matter, as well as the Court's need for reasonable time in which to adequately prepare for the argument.

Similarly, to the extent delay occurred in the scheduling of the supplemental argument held on March 20, 2009, the Court finds that such delay is independently excludable pursuant to 18 U.S.C. § 3161(h)(8)(A), as the supplemental argument date was chosen to accommodate the parties' good faith scheduling conflicts and the Court's need for reasonable time in which to adequately prepare for the argument. Extensions

*See also Henderson v. United States*, 476 U.S. 321, 331 (1986) (18 U.S.C. § 3161(h)(1)(F) excludes all time between the filing of the pretrial motion and the hearing thereon, as well as all time following the hearing during which the court awaits all submissions by counsel that are needed for proper disposition of the motion); *U.S. v. Mora*, 135 F.3d 1351, 1355 n.2 (10th Cir. 1998) (excludable time under § 3161(h)(1)(F) may include the time during which the court awaits the preparation of the transcript, if such is necessary for the proper disposition of the motion); *United States v. Blankenship*, 67 F.3d 673, 676-77 (8th Cir. 1995) (same).

To the extent that any party objects to this Court's calculation under the Speedy Trial Act, such party must file an objection on or before April 1, 2009.

IT IS SO ORDERED.


                                                   s/     Sean J. McLaughlin
                                                                SEAN J. McLAUGHLIN
                                                                United States District Judge

cm:    All counsel of record.

---

of time pursuant to § 3161(h)(8)(A) are to be liberally granted where, as here, the ends of justice served by the delay outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).